1  Jody Goodman (DC Bar No. 404879)
2  (202) 326-3096; jgoodman1@ftc.gov
   Elsie Kappler (MA Bar No. 562265)
3  (202) 326-2466; ekappler@ftc.gov
4  Federal Trade Commission
   600 Pennsylvania Ave., NW, CC-8528
5  Washington, DC 20580

6
   Local Counsel
7  Jeffrey Tang (CA Bar No. 308007)
   (310) 824-4303/jtang@ftc.gov
8  10990 Wilshire Boulevard, Suite 400
9  Los Angeles, California 90024

10
   Attorneys for Plaintiff
11 Federal Trade Commission

FILED
CLERK, U.S. DISTRICT COURT
9/9/24
CENTRAL DISTRICT OF CALIFORNIA
BY: ____MRV____ DEPUTY

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Federal Trade Commission**, | |
| Plaintiff, | No. _2:24-cv-07660SPG(JPRx) |
| v. | **FILED UNDER SEAL** |
| **Ascend Capventures Inc.**, also doing business as Ascend Ecom LLC; Ascend Ecomm LLC; ACV; ACV Partners; Accelerated Ecommerce Ventures; Ascend Distribution LLC; Ethix Capital; and ACV Nexus, a Wyoming close corporation profit corporation, | **PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER TEMPORARILY SEALING THE DOCKET AND THE ENTIRE CASE FILE; MEMORANDUM IN SUPPORT THEREOF** |
| **Ascend Ecommerce Inc.**, also doing business as Ascend Ecom LLC, a Wyoming close corporation profit corporation, | |
| **Ascend Administration Inc.**, a California general stock corporation, | |
| **Ascend Ecom LLC**, a Wyoming limited liability company, | |
| **Ascend Distribution LLC**, a Texas limited liability company, | |

1

| | |
|---|---|
| 1 | **William Michael Basta**, individually and as officer and/or owner of Ascend Ecom LLC, Ascend Capventures Inc., Ascend Ecommerce Inc., and Ascend Administration Inc., and Ascend Distribution LLC, and |
| 2 | |
| 3 | |
| 4 | |
| 5 | **Jeremy Kenneth Leung**, individually and as officer and/or owner of Ascend Ecom LLC, Ascend Capventures Inc., Ascend Ecommerce Inc., Ascend Administration Inc., and Ascend Distribution LLC, |
| 6 | |
| 7 | |
| 8 | |
| 9 | Defendants. |

Under Local Rule 79-5.2.1, Plaintiff, Federal Trade Commission ("FTC"), submits this *ex parte* application for an order temporarily sealing the entire file and docket in this civil action, including the Complaint, the FTC's *Ex Parte* Emergency Application for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue, with supporting memorandum ("TRO Application"), and all other pleadings, motions, exhibits, and other papers and materials filed in support thereof, including this application. The FTC requests that the proposed seal remain in effect until it has served all Defendants or until five days following entry of a temporary restraining order, whichever occurs earlier. The proposed seal is necessary to prevent immediate and irreparable harm to the FTC's ability to obtain effective final relief in this matter. In support of this application, the FTC submits the following memorandum of points and authorities.

**MEMORANDUM**

1. As alleged in the Complaint and described more fully in the TRO Application and accompanying exhibits, Defendants have, among other things, used deceptive earnings claims and unfair complaint suppression tactics in their business operations.

2. Since 2021, Defendants have used deceptive earnings claims to persuade consumers to spend tens of thousands of dollars each to invest in what Defendants claim is a surefire business opportunity in e-commerce or online stores. Since about 2023, Defendants have also claimed in deceptive sales pitches that their business model is powered by artificial intelligence. Defendants tell consumers they will quickly earn thousands of dollars in passive income, which will be generated from sales in online stores on e-commerce platforms such as Amazon.com and Walmart.com. After consumers invest in Defendants' business opportunity scheme, the promised gains do not materialize, and consumers are left with depleted bank accounts and sometimes enormous and unanticipated debt. Defendants have defrauded consumers of at least $25 million.

3. Consumers have complained in truthful, online reviews that Defendants' marketing claims are false. To suppress these truthful reviews, Defendants have used unfair practices. They have threatened consumers with legal action if they do not retract their reviews and have otherwise pressured consumers to retract truthful reviews. In at least two instances, Defendants have threatened consumers who posted negative online reviews with violence.

4. Defendants' practices, including those outlined above, violate Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities," 16 C.F.R. Part 437, as amended, and the Consumer Review Fairness Act, 15 U.S.C. § 45b.

5. As set forth in the certification of FTC counsel Jody Goodman, which was made under Fed. R. Civ. P. 65(b)(1) and Local Rule 65-1, there is good cause for entry of an order temporarily sealing the entire file and docket in this case. The FTC requests a temporary seal of the entire file and docket for the same reason that it seeks a temporary restraining order pending a preliminary injunction hearing—to

maintain the status quo and preserve the possibility of effective final relief, including monetary relief.

6. Temporarily sealing the entire file and docket, *ex parte*, will help ensure that Defendants do not receive premature notice of this action, either directly or through third parties. Entry of an *ex parte* order temporarily sealing the entire file and docket is consistent with the purpose of Fed. R. Civ. P. 65(b), which permits motions without notice to prevent "immediate and irreparable injury, loss, or damage."

7. If Defendants become aware of the FTC's case before the FTC can serve the TRO on third parties that hold Defendants' assets or documents, such as financial institutions and payment processors, there is a substantial risk that Defendants might dissipate, conceal, or destroy assets or documents, frustrating the Court's ability to provide restitution to the victims of Defendants' unlawful scheme. As the TRO Application and the certification of FTC counsel Jody Goodman show, Defendants trade in consumer fraud. Additionally, they typically keep very low balances in their corporate bank accounts, even though they have taken more than $25 million from consumers. Much of this consumer money appears to have gone overseas, into bank accounts in Australia, Vietnam, and the Philippines.

8. Under these compelling facts, the public's interest in preserving the Court's ability to award effective final relief, including monetary relief, outweighs its interest in having access to the judicial records of this matter during the requested temporary and brief seal period.

Accordingly, the FTC respectfully requests that the Court enter the accompanying proposed order to seal the entire case file and docket in this matter until the FTC has served all Defendants or until five days following entry of the proposed order, whichever occurs earlier.

| | |
|---|---|
| | Respectfully submitted, |
| Dated: September 9, 2024 | /s/ Jody Goodman |
| | **Jody Goodman** |
| | **Elsie B. Kappler** |
| | Federal Trade Commission |
| | 600 Pennsylvania Ave., NW, CC-8528 |
| | Washington, DC 20580 |
| | (202) 326-3096 / jgoodman1@ftc.gov |
| | (202) 326-2466 / ekappler@ftc.gov |
| | (202) 326-3395 (fax) |
| | |
| | **Attorneys for Plaintiff** |
| | **Federal Trade Commission** |