1  Jody Goodman (DC Bar No. 404879)
2  (202) 326-3096; jgoodman1@ftc.gov
   Elsie B. Kappler (MA Bar No. 562265)
3  (202) 326-2466; ekappler@ftc.gov
   Federal Trade Commission
4  600 Pennsylvania Ave., NW, CC-8528
5  Washington, DC 20580

6  Local Counsel
7  Jeffrey Tang (CA Bar No. 308007)
   (310) 824-4303/jtang@ftc.gov
8  10990 Wilshire Boulevard, Suite 400
9  Los Angeles, California 90024

10 Attorneys for Plaintiff
11 Federal Trade Commission

12              UNITED STATES DISTRICT COURT
13              CENTRAL DISTRICT OF CALIFORNIA

14
   **Federal Trade Commission**,
15                   Plaintiff,         **No: 2:24-cv-07660SPG(JPRX)**
       v.
16
   **Ascend Capventures Inc.**, also doing    **FILED UNDER SEAL**
17 business as Ascend Ecom LLC; Ascend
   Ecomm LLC; ACV; ACV Partners;
18 Accelerated Ecommerce Ventures;           **[PROPOSED] EX PARTE**
   Ascend Distribution LLC; Ethix            **TEMPORARY RESTRAINING**
19 Capital; and ACV Nexus, a Wyoming         **ORDER WITH ASSET FREEZE,**
20 close corporation profit corporation,     **APPOINTMENT OF A**
                                             **TEMPORARY RECEIVER, AND**
21 **Ascend Ecommerce Inc.**, also doing     **OTHER EQUITABLE RELIEF,**
   business as Ascend Ecom LLC, a            **AND ORDER TO SHOW CAUSE**
22 Wyoming close corporation profit          **WHY A PRELIMINARY**
23 corporation,                              **INJUNCTION SHOULD NOT**
                                             **ISSUE**
24 **Ascend Administration Inc.**, a
   California general stock corporation,
25 **Ascend Ecom LLC**, a Wyoming
26 limited liability company,
   **Ascend Distribution LLC**, a Texas
27 limited liability company,

28

LODGED
CLERK, U.S. DISTRICT COURT

9/9/24

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ MRV _____ DEPUTY

1  **William Michael Basta**, individually
2  and as officer and/or owner of Ascend
   Ecom LLC, Ascend Capventures Inc.,
3  Ascend Ecommerce Inc., Ascend
   Administration Inc., and Ascend
4  Distribution LLC, and
5  **Jeremy Kenneth Leung**, individually
   and as officer and/or owner of Ascend
6  Ecom LLC, Ascend Capventures Inc.,
7  Ascend Ecommerce Inc., Ascend
   Administration Inc., and Ascend
8  Distribution LLC,
9                     Defendants.

10

11       Plaintiff, the Federal Trade Commission, has filed its Complaint for

12  Permanent Injunction, Monetary Judgment, and Other Equitable Relief pursuant to

13  Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15

14  U.S.C. §§ 53(b), 57b (Docket No. ___), and has moved, pursuant to Fed. R. Civ. P.

15  65(b), for a temporary restraining order, asset freeze, other equitable relief, and an

16  order to show cause why a preliminary injunction should not issue against Ascend

17  Capventures Inc., Ascend Ecommerce Inc., Ascend Administration Inc., Ascend

18  Ecom LLC, Ascend Distribution LLC, William Michael Basta, and Jeremy

19  Kenneth Leung (collectively, "Defendants") (Docket No. ___).

20                           **FINDINGS OF FACT**

21       The Court, having considered the Complaint, the *ex parte* Motion for a

22  Temporary Restraining Order, declarations, exhibits, and the memorandum of

23  points and authorities filed in support thereof, and being otherwise advised, finds

24  that:

25       A.    This Court has jurisdiction over the subject matter of this case, and

26  there is good cause to believe that it will have jurisdiction over all parties hereto

27  and that venue in this district is proper.

28

1    B.    In numerous instances, Defendants, in the marketing and selling of

2    business opportunities ("Defendants' products or services"), have violated the FTC

3    Act and rules governing their conduct. Specifically, Defendants have (1) made

4    false or unsubstantiated earnings claims, (2) violated multiple trade regulation rule

5    provisions in the selling of Defendants' products or services, and (3) used threats

6    and non-disparagement clauses to discourage purchasers from publishing truthful

7    reviews about Defendants and their products or services.

8    C.    There is good cause to believe that Defendants have engaged in and

9    are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15

10   U.S.C. § 45(a); the FTC's Trade Regulation Rule entitled "Disclosure

11   Requirements and Prohibitions Concerning Business Opportunities" ("Business

12   Opportunity Rule" or "Rule"), 16 C.F.R. Part 437, as amended; and the Consumer

13   Review Fairness Act ("CRFA"), 15 U.S.C. § 45b, and that Plaintiff is therefore

14   likely to prevail on the merits of this action. As demonstrated by the declarations of

15   consumers who purchased Defendants' products or services, investigator

16   declarations, and the additional evidence contained in the FTC's volumes of

17   exhibits, the FTC has established a likelihood of success in showing that, in

18   numerous instances, Defendants have made false or unsubstantiated statements and

19   engaged in other unfair or deceptive acts or practices in the marketing of

20   Defendants' products or services.

21   D.    There is good cause to believe that Defendants have taken at least $25

22   million from consumers in connection with their unlawful practices.

23   E.    There is good cause to believe that immediate and irreparable harm

24   will result from Defendants' ongoing violations of the FTC Act, the Business

25   Opportunity Rule, and the CRFA unless Defendants are restrained and enjoined by

26   order of this Court.

27

28

F.     There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers—including monetary restitution, rescission, or refunds—will occur from the sale, transfer, destruction, or other disposition or concealment by Defendants of their assets or records, unless Defendants are immediately restrained and enjoined by order of this Court; and that, in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that this Order be granted without prior notice to Defendants. Thus, there is good cause for relieving Plaintiff of the duty to provide Defendants with prior notice of its Motion for a Temporary Restraining Order.

G.     Good cause exists for appointing a temporary receiver over the Receivership Entities, freezing Defendants' assets, permitting Plaintiff and the Receiver immediate access to the Defendants' business premises, and permitting Plaintiff and the Receiver to take expedited discovery.

H.     Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, the appointment of a temporary receiver, immediate access to business premises, expedited discovery, and other equitable relief is in the public interest.

I.     This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Fed. R. Civ. P. 65; and the All Writs Act, 28 U.S.C. § 1651.

J.     No security is required of any agency of the United States for issuance of a temporary restraining order. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.     "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B.     "**Corporate Defendants**" means Ascend Capventures Inc., Ascend Ecommerce Inc., Ascend Administration Inc., Ascend Ecom LLC, and Ascend Distribution LLC, and each of their subsidiaries, affiliates, successors, and assigns.

C.     "**Defendants**" means the Corporate Defendants and the Individual Defendants, individually, collectively, or in any combination.

D.     "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Fed. R. Civ. P. 34(a) and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

E.     "**Earnings Claim(s)**" means any oral, written, or visual representation to a prospective purchaser that conveys, expressly or by implication, a specific level or range of actual or potential sales, or gross or net income or profits. Earnings Claims include, but are not limited to: (1) any chart, table, or mathematical calculation that demonstrates possible results based upon a combination of variables; and (2) any statements from which a prospective purchaser can reasonably infer that he or she will earn a minimum level of income.

F.      "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

G.      "**General Media**" means any instrumentality through which a person may communicate with the public, including, but not limited to, television, radio, print, Internet, billboard, website, commercial bulk email, and mobile communications.

H.      "**Individual Defendants**" means William Basta and Jeremy Leung, individually or collectively.

I.      "**Receiver**" means the temporary receiver appointed in Section XI of this Order and any deputy receivers that shall be named by the temporary receiver.

J.      "**Receivership Entities**" means Corporate Defendants as well as any other entity that has conducted any business related to the marketing and sale of Defendants' products or services, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

**ORDER**

**I.      PROHIBITED BUSINESS ACTIVITIES**

**IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are temporarily restrained and enjoined from:

A.      Making any Earnings Claims to a prospective purchaser, unless the Earnings Claim is non-misleading and, at the time the Earnings Claim is made,

1  Defendants (1) have a reasonable basis for the claim; (2) have in their possession

2  written materials that substantiate the claimed earnings; and (3) make the written

3  substantiation for Earnings Claims available upon request to the consumer,

4  potential purchaser or investor, the Receiver, and the FTC;

5       B.    Making any Earnings Claims in the General Media, unless the

6  Earnings Claim is non-misleading and, at the time the Earnings Claims is made,

7  Defendants (1) have a reasonable basis for the claim; (2) have in their possession

8  written materials that substantiate the claimed earnings; and (3) state in immediate

9  conjunction with the claim (a) the beginning and ending dates when the

10  represented earnings were achieved and (b) the number and percentage of all

11  persons who purchased Defendants' products or services prior to the ending date in

12  Section I.B.3.a who achieved at least the stated level of earnings;

13       C.    Disseminating any industry financial, earnings, or performance

14  information, unless Defendants have written substantiation demonstrating that the

15  information reflects, or does not exceed, the typical or ordinary financial, earnings,

16  or performance experience of purchasers of Defendants' products or services;

17       D.    Failing to provide any consumer, potential purchaser, or investor with

18  disclosure documents in the form and manner required by 16 C.F.R. §§ 437.2,

19  437.3(a)(1)-(5), and 437.4;

20       E.    Misrepresenting or assisting others in misrepresenting, expressly or by

21  implication, that Defendants' products or services:

22            1.    Will allow purchasers to earn a specific level or range of actual

23                 or potential sales, or gross or net income or profits, revenues,

24                 financial gains, percentage gains, or return on investment with

25                 little to no effort on their part; and

26            2.    Will use artificial intelligence to maximize revenues;

27

28

F.    Misrepresenting or assisting others in misrepresenting, expressly or by implication, any other fact material to consumers concerning any good or service, such as:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; and

G.    Prohibiting or restricting any consumer, potential purchaser, or investor from communicating reviews, performance assessments, and similar analyses about Defendants' products or services, or the conduct of Defendants; or threatening or imposing a penalty or fee against any consumer, potential purchaser, or investor who engages in such communications.

**II.    PROHIBITION ON RELEASE OF CUSTOMER INFORMATION**

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.    Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B.    Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

Provided, however, that Defendants may disclose such identifying information to a law enforcement agency, including the Plaintiff; to their attorneys as required for their defense; as required by any law, regulation, or court order; or

in any filings, pleadings, or discovery in this action in the manner required by the

Federal Rules of Civil Procedure and by any protective order in the case.

### III.    ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents,

employees, and attorneys, and all other persons in active concert or participation

with any of them, who receive actual notice of this Order, whether acting directly

or indirectly, are hereby temporarily restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning,

    selling, concealing, dissipating, disbursing, assigning, relinquishing,

    spending, withdrawing, granting a lien or security interest or other

    interest in, or otherwise disposing of any Assets that are:

        1. owned or controlled, directly or indirectly, by any

           Defendant;

        2. held, in part or in whole, for the benefit of any

           Defendant;

        3. in the actual or constructive possession of any Defendant;

           or

        4. owned or controlled by, in the actual or constructive

           possession of, or otherwise held for the benefit of, any

           corporation, partnership, asset protection trust, or other

           entity that is directly or indirectly owned, managed, or

           controlled by any Defendant.

B. Opening or causing to be opened any safe deposit boxes, commercial

    mailboxes, or storage facilities titled in the name of any Defendant, or

    subject to access by any Defendant, except as necessary to comply with

    written requests from the Receiver acting pursuant to its authority under

    this Order;

C.  Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager. This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

D.  Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

The Assets affected by this Section shall include: (1) all Assets of Defendants as of the time this Order is entered; and (2) Assets obtained by Defendants after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this order.

## IV.    DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) that:

(a) has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Defendant or any Asset that has been owned or controlled, directly or indirectly, by any Defendant; held, in part or in whole, for the benefit of any Defendant; in the actual or constructive possession of any Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset

1   protection trust, or other entity that is directly or indirectly owned, managed or

2   controlled by any Defendant;

3          (b) has held, controlled, or maintained custody, through an account or

4   otherwise, of any Document or Asset associated with credits, debits, or charges

5   made on behalf of any Defendant, including reserve funds held by payment

6   processors, credit card processors, merchant banks, acquiring banks, independent

7   sales organizations, third party processors, payment gateways, insurance

8   companies, or other entities; or

9          (c) has extended credit to any Defendant, including through a credit card

10  account, shall:

11         A.    Hold, preserve, and retain within its control and prohibit the

12  withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance,

13  disbursement, dissipation, relinquishment, conversion, sale, or other disposal of

14  any such Document or Asset, as well as all Documents or other property related to

15  such Assets, except by further order of this Court; provided, however, that this

16  provision does not prohibit Individual Defendant from incurring charges on a

17  personal credit card established prior to entry of this Order, up to the pre-existing

18  credit limit;

19         B.    Deny any person, except the Receiver, access to any safe deposit box,

20  commercial mailbox, or storage facility that is titled in the name of any Defendant,

21  either individually or jointly, or otherwise subject to access by any Defendant;

22         C.    Provide Plaintiff's counsel and the Receiver, within three (3) days of

23  receiving a copy of this Order, a sworn statement setting forth, for each Asset or

24  account covered by this Section:

25              1.    The identification number of each such account or Asset;

26              2.    The balance of each such account, or a description of the nature

27                    and value of each such Asset as of the close of business on the

28

1  day on which this Order is served, and, if the account or other

2  Asset has been closed or removed, the date closed or removed,

3  the total funds removed in order to close the account, and the

4  name of the person or entity to whom such account or other

5  Asset was remitted; and

6      3.    The identification of any safe deposit box, commercial mailbox,

7  or storage facility that is either titled in the name, individually

8  or jointly, of any Defendant, or is otherwise subject to access by

9  any; and

10      D.    Upon the request of Plaintiff's counsel or the Receiver, promptly

11  provide Plaintiff's counsel and the Receiver with copies of all records or other

12  Documents pertaining to any account or Asset covered by this Section, including

13  originals or copies of account applications, account statements, signature cards,

14  checks, drafts, deposit tickets, transfers to and from the accounts, including wire

15  transfers and wire transfer instructions, all other debit and credit instruments or

16  slips, currency transaction reports, 1099 forms, and all logs and records pertaining

17  to safe deposit boxes, commercial mailboxes, and storage facilities.

18      Provided, however, that this Section does not prohibit any transfers to the

19  Receiver or repatriation of foreign Assets specifically required by this order.

20  **V.    FINANCIAL DISCLOSURES**

21      **IT IS FURTHER ORDERED** that each Defendant, within five (5) days of

22  service of this Order upon them, shall prepare and deliver to Plaintiff's counsel and

23  the Receiver:

24      A.    completed financial statements on the forms attached to this Order as

25  **Attachment A** (Financial Statement of Individual Defendant) for both Individual

26  Defendants, and **Attachment B** (Financial Statement of Corporate Defendant) for

27  each Corporate Defendant; and

28

1       B.      completed **Attachment C** (IRS Form 4506, Request for Copy of a

2   Tax Return) for each Individual Defendant and Corporate Defendant.

3                   **VI.    FOREIGN ASSET REPATRIATION**

4       **IT IS FURTHER ORDERED** that within five (5) days following the

5   service of this Order, each Defendant shall:

6       A.      Provide Plaintiff's counsel and the Receiver with a full accounting,

7   verified under oath and accurate as of the date of this Order, of all Assets,

8   Documents, and accounts outside of the United States which are:  (1) titled in the

9   name, individually or jointly, of any Defendant; (2) held by any person or entity for

10  the benefit of any Defendant, or for the benefit of any corporation, partnership,

11  asset protection trust, or other entity that is directly or indirectly owned, managed

12  or controlled by any Defendant; or (3) under the direct or indirect control, whether

13  jointly or singly, of any Defendant;

14      B.      Take all steps necessary to provide Plaintiff's counsel and Receiver

15  access to all Documents and records that may be held by third parties located

16  outside of the territorial United States of America, including signing the Consent to

17  Release of Financial Records appended to this Order as **Attachment D**.

18      C.      Transfer to the territory of the United States all Documents and Assets

19  located in foreign countries which are: (1) titled in the name, individually or

20  jointly, of any Defendant; (2) held by any person or entity for the benefit of any

21  Defendant, or for the benefit of any corporation, partnership, asset protection trust,

22  or other entity that is directly or indirectly owned, managed or controlled by any

23  Defendant; or (3) under the direct or indirect control, whether jointly or singly, of

24  any Defendant; and

25      D.      The same business day as any repatriation, (1) notify the Receiver and

26  counsel for Plaintiff of the name and location of the financial institution or other

27

28

13

1   entity that is the recipient of such Documents or Assets; and (2) serve this Order on

2   any such financial institution or other entity.

3             **VII.   NON-INTERFERENCE WITH REPATRIATION**

4             **IT IS FURTHER ORDERED** that Defendants, Defendants' officers,

5   agents, employees, and attorneys, and all other persons in active concert or

6   participation with any of them, who receive actual notice of this Order, whether

7   acting directly or indirectly, are hereby temporarily restrained and enjoined from

8   taking any action, directly or indirectly, which may result in the encumbrance or

9   dissipation of foreign Assets, or in the hindrance of the repatriation required by this

10  Order, including, but not limited to:

11          A.      Sending any communication or engaging in any other act, directly or

12  indirectly, that results in a determination by a foreign trustee or other entity that a

13  "duress" event has occurred under the terms of a foreign trust agreement until such

14  time that all Defendants' Assets have been fully repatriated pursuant to this Order;

15  or

16          B.      Notifying any trustee, protector, or other agent of any foreign trust or

17  other related entities of either the existence of this Order, or of the fact that

18  repatriation is required pursuant to a court order, until such time that all

19  Defendants' Assets have been fully repatriated pursuant to this Order.

20            **VIII.  CONSUMER CREDIT REPORTS**

21          **IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports

22  concerning Individual Defendants pursuant to Section 604(a)(1) of the Fair Credit

23  Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit

24

25

26

27

28

1    reporting agency from which such reports are requested shall provide them to

2    Plaintiff.

3                    **IX.    PRESERVATION OF RECORDS**

4        **IT IS FURTHER ORDERED** that Defendants, Defendants' officers,

5    agents, employees, and attorneys, and all other persons in active concert or

6    participation with any of them, who receive actual notice of this Order, whether

7    acting directly or indirectly, are hereby temporarily restrained and enjoined from:

8        A.    Destroying, erasing, falsifying, writing over, mutilating, concealing,

9    altering, transferring, or otherwise disposing of, in any manner, directly or

10   indirectly, Documents that relate to: (1) the business, business practices, Assets, or

11   business or personal finances of any Defendant; (2) the business practices or

12   finances of entities directly or indirectly under the control of any Defendant; or

13   (3) the business practices or finances of entities directly or indirectly under

14   common control with any other Defendant; and

15       B. Failing to create and maintain Documents that, in reasonable detail,

16   accurately, fairly, and completely reflect Defendants' incomes, disbursements,

17   transactions, and use of Defendants' Assets.

18                    **X.    REPORT OF NEW BUSINESS ACTIVITY**

19       **IT IS FURTHER ORDERED** that Defendants, Defendants' officers,

20   agents, employees, and attorneys, and all other persons in active concert or

21   participation with any of them, who receive actual notice of this Order, whether

22   acting directly or indirectly, are hereby temporarily restrained and enjoined from

23   creating, operating, or exercising any control over any business entity, whether

24   newly formed or previously inactive, including any partnership, limited

25   partnership, joint venture, sole proprietorship, or corporation, without first

26   providing Plaintiff's counsel and the Receiver with a written statement disclosing:

27   (1) the name of the business entity; (2) the address and telephone number of the

28

business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XI.    TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that _____ is appointed as temporary receiver of the Receivership Entities with full powers of an equity receiver. The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

## XII.    DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.    Assume full control of Receivership Entities by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Receivership Entity from control of, management of, or participation in, the affairs of the Receivership Entity;

B.    Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

C.    Take exclusive custody, control, and possession of all Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

D.    Conserve, hold, manage, and prevent the loss of all Assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those Assets. The Receiver shall assume control over the income and

1  profits therefrom and all sums of money now or hereafter due or owing to the

2  Receivership Entities. The Receiver shall have full power to sue for, collect, and

3  receive, all Assets of the Receivership Entities and of other persons or entities

4  whose interests are now under the direction, possession, custody, or control of the

5  Receivership Entities. Provided, however, that the Receiver shall not attempt to

6  collect any amount from a consumer if the Receiver believes the consumer's debt

7  to the Receivership Entities has resulted from the deceptive acts or practices or

8  other violations of law alleged in the Complaint in this matter, without prior Court

9  approval;

10         E.     Obtain, conserve, hold, manage, and prevent the loss of all Documents

11  of the Receivership Entities, and perform all acts necessary or advisable to

12  preserve such Documents. The Receiver shall: divert mail; preserve all Documents

13  of the Receivership Entities that are accessible via electronic means (such as online

14  access to financial accounts and access to electronic documents held onsite or by

15  Electronic Data Hosts, by changing usernames, passwords, or other log-in

16  credentials; take possession of all electronic Documents of the Receivership

17  Entities stored onsite or remotely; take whatever steps necessary to preserve all

18  such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for

19  the purpose of obtaining electronic documents stored onsite or remotely.

20         F.     Choose, engage, and employ attorneys, accountants, appraisers, and

21  other independent contractors and technical specialists, as the Receiver deems

22  advisable or necessary in the performance of duties and responsibilities under the

23  authority granted by this Order;

24         G.     Make payments and disbursements from the receivership estate that

25  are necessary or advisable for carrying out the directions of, or exercising the

26  authority granted by, this Order, and to incur, or authorize the making of, such

27  agreements as may be necessary and advisable in discharging his or her duties as

28

1   Receiver. The Receiver shall apply to the Court for prior approval of any payment

2   of any debt or obligation incurred by the Receivership Entities prior to the date of

3   entry of this Order, except payments that the Receiver deems necessary or

4   advisable to secure Assets of the Receivership Entities, such as rental payments;

5       H.    Take all steps necessary to secure and take exclusive custody of each

6   location from which the Receivership Entities operate their businesses. Such steps

7   may include, but are not limited to, any of the following, as the Receiver deems

8   necessary or advisable: (1) securing the location by changing the locks and alarm

9   codes and disconnecting any internet access or other means of access to the

10  computers, servers, internal networks, or other records maintained at that location;

11  and (2) requiring any persons present at the location to leave the premises, to

12  provide the Receiver with proof of identification, and/or to demonstrate to the

13  satisfaction of the Receiver that such persons are not removing from the premises

14  Documents or Assets of the Receivership Entities. Law enforcement personnel,

15  including, but not limited to, police or sheriffs, may assist the Receiver in

16  implementing these provisions in order to keep the peace and maintain security. If

17  requested by the Receiver, the United States Marshal will provide appropriate and

18  necessary assistance to the Receiver to implement this Order and is authorized to

19  use any necessary and reasonable force to do so;

20      I.    Take all steps necessary to prevent the modification, destruction, or

21  erasure of any web page or website registered to and operated, in whole or in part,

22  by any Defendants, and to provide access to all such web pages or websites to

23  Plaintiff's representatives, agents, and assistants, as well as Defendants and their

24  representatives;

25      J.    Enter into and cancel contracts and purchase insurance as advisable or

26  necessary;

27

28

K.      Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Entities;

L.      Make an accounting, as soon as practicable, of the Assets and financial condition of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

M.      Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal, or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

N.      Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order;

O.      Open one or more bank accounts at designated depositories for funds of the Receivership Entities. The Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts. The Receiver shall serve copies of monthly account statements on all parties;

P.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

Q.      Allow Plaintiff's representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business. The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other

1    property owned by, or in the possession of, the Receivership Entities or their

2    agents. The Receiver shall have the discretion to determine the time, manner, and

3    reasonable conditions of such access;

4         R.    Allow Plaintiff's representatives, agents, and assistants, as well as

5    Defendants and their representatives, reasonable access to all Documents in the

6    possession, custody, or control of the Receivership Entities;

7         S.    Cooperate with reasonable requests for information or assistance from

8    any state or federal civil or criminal law enforcement agency;

9         T.    Suspend business operations of the Receivership Entities if in the

10   judgment of the Receiver such operations cannot be continued legally and

11   profitably;

12        U.    If the Receiver identifies a nonparty entity as a Receivership Entity,

13   promptly notify the entity as well as the parties, and inform the entity that it can

14   challenge the Receiver's determination by filing a motion with the Court.

15   Provided, however, that the Receiver may delay providing such notice until the

16   Receiver has established control of the nonparty entity and its assets and records, if

17   the Receiver determines that notice to the entity or the parties before the Receiver

18   establishes control over the entity may result in the destruction of records,

19   dissipation of assets, or any other obstruction of the Receiver's control of the

20   entity; and

21        V.    If in the Receiver's judgment the business operations cannot be

22   continued legally and profitably, take all steps necessary to ensure that any of the

23   Receivership Entities' web pages or websites relating to the activities alleged in the

24   Complaint cannot be accessed by the public, or are modified for consumer

25   education and/or informational purposes, and take all steps necessary to ensure that

26   any telephone numbers associated with the Receivership Entities cannot be

27

28

1  accessed by the public, or are answered solely to provide consumer education or

2  information regarding the status of operations.

3          W.      Prepare a written report at or before any hearing described in Section

4  XXVI that describes (1) the steps taken by the Receiver to implement the terms of

5  the Order; (2) the value of all assets and sum of all liabilities of the Receivership

6  Entities; (3) the steps the Receiver intends to take in the future to protect

7  receivership assets, recover receivership assets from third parties, and adjust

8  receivership liabilities; (4) the Receiver's opinion on whether any portion of the

9  business of any of the Receivership Entities can continue to operate legally and

10 profitably; and (5) any other matters which the Receiver believes should be

11 brought to the Court's attention.

12         **XIII.  TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER**

13         **IT IS FURTHER ORDERED** that Defendants and any other person with

14 possession, custody, or control of property of, or records relating to, the

15 Receivership Entities shall, upon notice of this Order by personal service or

16 otherwise, fully cooperate with and assist the Receiver in taking and maintaining

17 possession, custody, or control of the Assets and Documents of the Receivership

18 Entities and immediately transfer or deliver to the Receiver possession, custody,

19 and control of, the following:

20         A.      All Assets held by or for the benefit of the Receivership Entities;

21         B.      All Documents or Assets associated with credits, debits, or charges

22 made on behalf of any Receivership Entity, wherever situated, including reserve

23 funds held by payment processors, credit card processors, merchant banks,

24 acquiring banks, independent sales organizations, third party processors, payment

25 gateways, insurance companies, or other entities;

26         C.      All Documents of or pertaining to the Receivership Entities;

27

28

1      D.     All computers, electronic devices, mobile devices, and machines used

2    to conduct the business of the Receivership Entities;

3      E.     All Assets and Documents belonging to other persons or entities

4    whose interests are under the direction, possession, custody, or control of the

5    Receivership Entities; and

6      F.     All keys, codes, user names, and passwords necessary to gain or to

7    secure access to any Assets or Documents of or pertaining to the Receivership

8    Entities, including access to their business premises, means of communication,

9    accounts, computer systems (onsite and remote), Electronic Data Hosts, or other

10    property.

11    In the event that any person or entity fails to deliver or transfer any Asset or

12    Document, or otherwise fails to comply with any provision of this Section, the

13    Receiver may file an Affidavit of Non-Compliance regarding the failure and a

14    motion seeking compliance or a contempt citation.

15         **XIV.  PROVISION OF INFORMATION TO RECEIVER**

16    **IT IS FURTHER ORDERED** that Defendants shall immediately provide

17    to the Receiver:

18      A.     A list of all Assets and accounts of the Receivership Entities that are

19    held in any name other than the name of a Receivership Entity, or by any person or

20    entity other than a Receivership Entity;

21      B.     A list of all agents, employees, officers, attorneys, servants, and those

22    persons in active concert and participation with the Receivership Entities, or who

23    have been associated or done business with the Receivership Entities; and

24      C.     A description of any documents covered by attorney-client privilege

25    or attorney work product, including files where such documents are likely to be

26    located, authors or recipients of such documents, and search terms likely to

27    identify such electronic documents.

28

## XV.  COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, and attorneys; all other persons in active concert or participation with any of them; and any other person with possession, custody, or control of property of or records relating to the Receivership Entities who receive actual notice of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names, and passwords required to access any computers, electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account (including specific method to access account) or electronic file in any medium; advising all persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

## XVI.  NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, attorneys; and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and any other person served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

A.     Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B.     Transacting any of the business of the Receivership Entities;

C.     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or

1  in the possession or custody of, or in which an interest is held or claimed by, the

2  Receivership Entities; or

3        D.    Refusing to cooperate with the Receiver or the Receiver's duly

4  authorized agents in the exercise of their duties or authority under any order of this

5  Court.

6  **XVII. STAY OF ACTIONS**

7        **IT IS FURTHER ORDERED** that, except by leave of this Court, during

8  the pendency of the receivership ordered herein, Defendants; Defendants' officers,

9  agents, employees, attorneys; and all other persons in active concert or

10  participation with any of them, who receive actual notice of this Order; and their

11  corporations, subsidiaries, divisions, or affiliates; and all investors, creditors,

12  stockholders, lessors, customers, and other persons seeking to establish or enforce

13  any claim, right, or interest against or on behalf of Defendants, and all others

14  acting for or on behalf of such persons, are hereby enjoined from taking action that

15  would interfere with the exclusive jurisdiction of this Court over the Assets or

16  Documents of the Receivership Entities, including, but not limited to:

17        A.    Filing or assisting in the filing of a petition for relief under the

18  Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding

19  on behalf of the Receivership Entities;

20        B.    Commencing, prosecuting, or continuing a judicial, administrative, or

21  other action or proceeding against the Receivership Entities, including the issuance

22  or employment of process against the Receivership Entities, except that such

23  actions may be commenced if necessary to toll any applicable statute of

24  limitations; or

25        C.    Filing or enforcing any lien on any asset of the Receivership Entities;

26  taking or attempting to take possession, custody, or control of any Asset of the

27  Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any

28

1   interest in any Asset of the Receivership Entities, whether such acts are part of a

2   judicial proceeding, acts of self-help, or otherwise.

3       Provided, however, that this Order does not stay: (1) the commencement or

4   continuation of a criminal action or proceeding; (2) the commencement or

5   continuation of an action or proceeding by a governmental unit to enforce such

6   governmental unit's police or regulatory power; or (3) the enforcement of a

7   judgment, other than a money judgment, obtained in an action or proceeding by a

8   governmental unit to enforce such governmental unit's police or regulatory power.

9                    **XVIII.    COMPENSATION OF RECEIVER**

10      **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by

11  the Receiver as herein authorized, including counsel to the Receiver and

12  accountants, are entitled to reasonable compensation for the performance of duties

13  pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by

14  them, from the Assets now held by, in the possession or control of, or which may

15  be received by, the Receivership Entities. The Receiver shall file with the Court

16  and serve on the parties periodic requests for the payment of such reasonable

17  compensation, with the first such request filed no more than sixty (60) days after

18  the date of entry of this Order. The Receiver shall not increase the hourly rates used

19  as the bases for such fee applications without prior approval of the Court.

20              **XIX.  IMMEDIATE PRODUCTION OF BUSINESS RECORDS**

21      **IT IS FURTHER ORDERED** that that the Corporate Defendants shall

22  allow the Receiver and FTC's employees and agents access to the Defendants'

23  business records to inspect and copy Documents in preparation for the preliminary

24  injunction hearing and to identify and locate assets.

25      The Corporate Defendants shall, immediately upon receiving notice of this

26  Order, produce to the FTC for inspection, inventory, and copying, at a location

27  designated by FTC, the following materials: (1) all customer information,

28

1  including names, phone numbers, addresses, e-mail addresses, customer

2  complaints, and payment information for all consumers who have purchased

3  Corporate Defendants' business opportunities and coaching services; (2) all

4  contracts, including settlement agreements with customers; (3) any

5  correspondence, including electronic correspondence, that refers or relates to the

6  Corporate Defendants' business opportunities and coaching services; (4) an

7  electronic copy of all advertisements for the Corporate Defendants' business

8  opportunities and coaching services; (5) all telephone and videoconferencing

9  scripts used during the sales process; (6) all slide decks, sales projections, charts,

10 and spreadsheets used during the sales process; (7) all Documents pertaining to

11 Earnings Claims and other representations related to the marketing, advertising,

12 promotion, offer for sale, or sale of Defendants' business opportunities and

13 coaching services, including substantiation for any Earnings Claims; and

14 (8) accounting information, including profit and loss statements, annual reports,

15 receipt books, ledgers, personal and business canceled checks and check registers,

16 bank statements, appointment books, copies of federal, state or local business or

17 personal income or property tax returns, and 1099 forms. The FTC shall return any

18 materials produced pursuant to this Section within seven (7) days of the Corporate

19 Defendants' production.

20 **XX.    IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS**

21 **IT IS FURTHER ORDERED** that:

22     A.     In order to allow Plaintiff and the Receiver to preserve Assets and

23 evidence relevant to this action and to expedite discovery, Plaintiff and the

24 Receiver, and their representatives, agents, contractors, and assistants, shall have

25 immediate access to the business premises and storage facilities, owned,

26 controlled, or used by the Receivership Entities. Such locations include, but are not

27 limited to, 3240 Professional Drive, Auburn, CA 95602, and any offsite location or

28

commercial mailbox used by the Receivership Entities. The Receiver may exclude Defendants, Receivership Entities, and their employees from the business premises during the immediate access.

B.    Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to remove Documents from the Receivership Entities' premises in order that they may be inspected, inventoried, and copied. Plaintiff shall return any removed materials to the Receiver within five (5) business days of completing inventorying and copying, or such time as is agreed upon by Plaintiff and the Receiver;

C.    Plaintiff's access to the Receivership Entities' documents pursuant to this Section shall not provide grounds for any Defendant to object to any subsequent request for documents served by Plaintiff.

D.    Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to obtain the assistance of federal, state, and local law enforcement officers as they deem necessary to effect service and to implement peacefully the provisions of this Order;

E.    If any Documents, computers, or electronic storage devices containing information related to the business practices or finances of the Receivership Entities are at a location other than those listed herein, including personal residence(s) of any Defendant, then, immediately upon receiving notice of this order, Defendants and Receivership Entities shall produce to the Receiver all such Documents, computers, and electronic storage devices, along with any codes or passwords needed for access. In order to prevent the destruction of computer data, upon service of this Order, any such computers or electronic storage devices shall be powered down in the normal course of the operating system used on such devices and shall not be powered up or used until produced for copying and inspection; and

F.    If any communications or records of any Receivership Entity are stored with an Electronic Data Host, such Receivership Entity shall, immediately upon receiving notice of this order, provide the Receiver with the username, passwords, and any other login credential needed to access the communications and records, and shall not attempt to access, or cause a third-party to attempt to access, the communications or records.

## XXI.  DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, provide Plaintiff and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns, or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXII. EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 33, 34, and 45, Plaintiff and the Receiver are granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering: (1) the nature, location, status, and extent of Defendants' Assets; (2) the nature, location, and extent of Defendants' business transactions and

operations; (3) Documents reflecting Defendants' business transactions and operations; or (4) compliance with this Order. The limited expedited discovery set forth in this Section shall proceed as follows:

G.    Plaintiff and the Receiver may take the deposition of parties and non-parties. Forty-eight (48) hours' notice shall be sufficient notice for such depositions. The limitations and conditions set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) of the Federal Rules of Civil Procedure regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A), and depositions may be taken by telephone or other remote electronic means;

H.    Plaintiff and the Receiver may serve upon parties requests for production of Documents or inspection that require production or inspection within five (5) days of service, provided, however, that three (3) days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format.

I.    Plaintiff and the Receiver may serve upon parties interrogatories that require response within five (5) days after Plaintiff serves such interrogatories;

J.    Plaintiff and the Receiver may serve subpoenas upon non-parties that direct production or inspection within five (5) days of service;

K.    Service of discovery upon a party to this action, taken pursuant to this Section, shall be sufficient if made by facsimile, email, or by overnight delivery.

L.    Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court. The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Rules 26(d) and (f) of the Federal Rules of Civil Procedure.

1       M.     The parties are exempted from making initial disclosures under Fed.

2    R. Civ. Procedure 26(a)(1) until further order of this Court.

3                  **XXIII.     SERVICE OF THIS ORDER**

4       **IT IS FURTHER ORDERED** that copies of this Order as well as the

5    Motion for Temporary Restraining Order and all other pleadings, Documents, and

6    exhibits filed contemporaneously with that Motion (other than the complaint and

7    summons), may be served by any means, including facsimile transmission, email,

8    or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx,

9    by agents and employees of Plaintiff, by any law enforcement agency, or by private

10    process server, upon any Defendant, or any person (including any financial

11    institution) that may have possession, custody, or control of any Asset or

12    Document of any Defendant, or that may be subject to any provision of this Order

13    pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure. For purposes of

14    this Section, service upon any branch, subsidiary, affiliate, or office of any entity

15    shall effect service upon the entire entity.

16        **XXIV.     CORRESPONDENCE AND SERVICE ON PLAINTIFF**

17       **IT IS FURTHER ORDERED** that, for the purpose of this Order, all

18    correspondence and service of pleadings on Plaintiff shall be addressed via email

19    to Jody Goodman (jgoodman1@ftc.gov) and Elsie Kappler (ekappler@ftc.gov).

20             **XXV. PRELIMINARY INJUNCTION HEARING**

21       **IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 65(b),

22    Defendants shall appear before this Court on the _____ day of

23    _____, 2024, at _____, to show cause, if there is any, why this

24    Court should not enter a preliminary injunction, pending final ruling on the

25    Complaint against Defendants, enjoining the violations of the law alleged in the

26    Complaint, continuing the freeze of their Assets, continuing the receivership, and

27    imposing such additional relief as may be appropriate.

28

1    **XXVI.    BRIEFS AND AFFIDAVITS CONCERNING PRELIMINARY**

2                **INJUNCTION**

3        **IT IS FURTHER ORDERED** that:

4        A.    Defendants shall file with the Court and serve on Plaintiff's counsel

5    any answering pleadings, affidavits, motions, expert reports or declarations, or

6    legal memoranda no later than four (4) days prior to the order to show cause

7    hearing scheduled pursuant to this Order. Plaintiff may file responsive or

8    supplemental pleadings, materials, affidavits, or memoranda with the Court and

9    serve the same on counsel for Defendants no later than one (1) day prior to the

10   order to show Cause hearing. Provided that such affidavits, pleadings, motions,

11   expert reports, declarations, legal memoranda, or oppositions must be served by

12   personal or overnight delivery, facsimile, or email, and be received by the other

13   party or parties no later than 5:00 p.m. (Eastern) on the appropriate dates set forth

14   in this Section.

15       B.    An evidentiary hearing on Plaintiff's request for a preliminary

16   injunction is not necessary unless Defendants demonstrate that they have, and

17   intend to introduce, evidence that raises a genuine and material factual issue. The

18   question of whether this Court should enter a preliminary injunction shall be

19   resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral

20   argument of, the parties. Live testimony shall be heard only on further order of this

21   Court. Any motion to permit such testimony shall be filed with the Court and

22   served on counsel for the other parties at least five (5) days prior to the preliminary

23   injunction hearing in this matter. Such motion shall set forth the name, address, and

24   telephone number of each proposed witness, a detailed summary or affidavit

25   revealing the substance of each proposed witness's expected testimony, and an

26   explanation of why the taking of live testimony would be helpful to this Court. Any

27   papers opposing a timely motion to present live testimony or to present live

28

1    testimony in response to another party's timely motion to present live testimony

2    shall be filed with this Court and served on the other parties at least three (3) days

3    prior to the order to show cause hearing.

4         Provided, however, that service shall be performed by personal or overnight

5    delivery, facsimile, or email, and Documents shall be delivered so that they shall be

6    received by the other parties no later than 5:00 p.m. (Eastern) on the appropriate

7    dates provided in this Section.

8                    **XXVII.    DURATION OF THE ORDER**

9         **IT IS FURTHER ORDERED** that this Order shall expire fourteen (14)

10    days from the date of entry noted below, unless within such time, the Order is

11    extended for an additional period pursuant to Fed. R. Civ. P. 65(b)(2).

12                **XXVIII.    RETENTION OF JURISDICTION**

13         **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this

14    matter for all purposes.

15

16         Date:

17

18

19

20

21

22

23

24

25

26

27

28

Attachment A

**FEDERAL TRADE COMMISSION**

**FINANCIAL STATEMENT OF INDIVIDUAL DEFENDANT**

---

**Definitions and Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") in the first field only of any item that does not apply to you. If you cannot fully answer a question, explain why.

2. "Dependents" include your spouse, live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.


**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or devise a material fact; makes any materially false, fictitious or fraudulent statement or representation; or makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any ( . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

### Item 1.  Information About You

| Full Name | Social Security No. | |
|---|---|---|

| Current Address of Primary Residence | Driver's License No. | State Issued |
|---|---|---|
| | Phone Numbers<br>Home: (    )<br>Fax: (    ) | Date of Birth:      /    /<br>(mm/dd/yyyy) |
| | | Place of Birth |

| ☐Rent  ☐Own     From (Date):    /    /<br>(mm/dd/yyyy) | E-Mail Address |
|---|---|

Internet Home Page

### Previous Addresses for past five years (if required, use additional pages at end of form)

| Address | From:    /    /     Until:    /    /<br>(mm/dd/yyyy)         (mm/dd/yyyy)<br><br>☐Rent  ☐Own |
|---|---|
| Address | From:    /    /     Until:    /    /<br><br>☐Rent  ☐Own |
| Address | From:    /    /     Until:    /    /<br><br>☐Rent  ☐Own |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

### Item 2.  Information About Your Spouse or Live-In Companion

| Spouse/Companion's Name | Social Security No. | Date of Birth<br>    /    /<br>(mm/dd/yyyy) |
|---|---|---|
| Address (if different from yours) | Phone Number<br>(    ) | Place of Birth |
| | ☐Rent  ☐Own     From (Date):    /    /<br>(mm/dd/yyyy) | |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

| Employer's Name and Address | Job Title | |
|---|---|---|
| | Years in Present Job | Annual Gross Salary/Wages<br>$ |

### Item 3.  Information About Your Previous Spouse

| Name and Address | Social Security No. |
|---|---|
| | Date of Birth<br>    /    /<br>(mm/dd/yyyy) |

### Item 4.  Contact Information (name and address of closest living relative other than your spouse)

| Name and Address | Phone Number<br>(    ) |
|---|---|

Initials: _____

**Item 5.  Information About Dependents** (whether or not they reside with you)

| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
|---|---|---|
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth / / (mm/dd/yyyy) |
| | Relationship | |

**Item 6.  Employment Information/Employment Income**

Provide the following information for this year-to-date and for each of the previous five full years, for each business entity of which you were a director, officer, member, partner, employee (including self-employment), agent, owner, shareholder, contractor, participant or consultant at any time during that period.  "Income" includes, but is not limited to, any salary, commissions, distributions, draws, consulting fees, loans, loan payments, dividends, royalties, and benefits for which you did not pay (*e.g.*, health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
|---|---|---|---|---|
| | From (Month/Year) / | To (Month/Year) / | Year 20 | Income $ $ |
| Ownership Interest?  ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |

| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
|---|---|---|---|---|
| | From (Month/Year) / | To (Month/Year) / | Year 20 | Income $ $ |
| Ownership Interest?  ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |

| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
|---|---|---|---|---|
| | From (Month/Year) / | To (Month/Year) / | Year 20 | Income $ $ |
| Ownership Interest?  ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |

Initials: _____

## Item 7.  Pending Lawsuits Filed By or Against You or Your Spouse

List all pending lawsuits that have been filed by or against you or your spouse in any court or before an administrative agency in the United States or in any foreign country or territory.  *Note:  At Item 12, list lawsuits that resulted in final judgments or settlements in your favor.  At Item 21, list lawsuits that resulted in final judgments or settlements against you.*

| Caption of Proceeding | Court or Agency and Location | Case No. | Nature of Proceeding | Relief Requested | Status or Disposition |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## Item 8.  Safe Deposit Boxes

List all safe deposit boxes, located within the United States or in any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.

| Name of Owner(s) | Name & Address of Depository Institution | Box No. | Contents |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

Initials: _____

## FINANCIAL INFORMATION

**REMINDER:** When an item asks for information regarding your "assets" and "liabilities" include ALL assets and liabilities, located within the United States or in any foreign country or territory, or institution, whether held individually or jointly, and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. In addition, provide all documents requested in Item 24 with your completed Financial Statement.

## ASSETS

### Item 9.  Cash, Bank, and Money Market Accounts

List cash on hand (as opposed to cash in bank accounts or other financial accounts) and all bank accounts, money market accounts, or other financial accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit.  The term "cash on hand" includes but is not limited to cash in the form of currency, uncashed checks, and money orders.

| a.  Amount of Cash on Hand  $ | | Form of Cash on Hand | |
|---|---|---|---|
| b.  Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

### Item 10.  Publicly Traded Securities

List all publicly traded securities, including but not limited to, stocks, stock options, corporate bonds, mutual funds, U.S. government securities (including but not limited to treasury bills and treasury notes), and state and municipal bonds.  Also list any U.S. savings bonds.

| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|---|
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | | Loan(s) Against Security $ |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | | Loan(s) Against Security $ |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | | Loan(s) Against Security $ |

Initials: _____

## Item 11.  Non-Public Business and Financial Interests

List all non-public business and financial interests, including but not limited to any interest in a non-public corporation, subchapter-S corporation, limited liability corporation ("LLC"), general or limited partnership, joint venture, sole proprietorship, international business corporation or personal investment corporation, and oil or mineral lease.

| Entity's Name & Address | Type of Business or Financial Interest (e.g., LLC, partnership) | Owner (e.g., self, spouse) | Ownership % | If Officer, Director, Member or Partner, Exact Title |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## Item 12.  Amounts Owed to You, Your Spouse, or Your Dependents

| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|---|---|---|---|
|  | Current Amount Owed $ | Payment Schedule $ |  |
| Debtor's Telephone | Debtor's Relationship to You |  |  |
| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|  | Current Amount Owed $ | Payment Schedule $ |  |
| Debtor's Telephone | Debtor's Relationship to You |  |  |

## Item 13.  Life Insurance Policies

List all life insurance policies (including endowment policies) with any cash surrender value.

| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|---|---|---|---|
|  | Insured | Loans Against Policy $ | Surrender Value $ |
| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|  | Insured | Loans Against Policy $ | Surrender Value $ |

## Item 14.  Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, other retirement accounts, and college savings plans (e.g., 529 Plans).

| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
|---|---|---|---|
|  | Date Established / / (mm/dd/yyyy) | Type of Plan | Surrender Value before Taxes and Penalties $ |
| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
|  | Date Established / / | Type of Plan | Surrender Value before Taxes and Penalties $ |

Initials:  _____

## Item 15.  Pending Insurance Payments or Inheritances
List any pending insurance payments or inheritances owed to you.

| Type | Amount Expected | Date Expected  (mm/dd/yyyy) |
|---|---|---|
|  | $ | /   / |
|  | $ | /   / |
|  | $ | /   / |

## Item 16.  Vehicles
List all cars, trucks, motorcycles, boats, airplanes, and other vehicles.

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

## Item 17.  Other Personal Property
List all other personal property not listed in Items 9-16 by category, whether held for personal use, investment or any other reason, including but not limited to coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property.

| Property  Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
|  |  |  | $ | $ |
|  |  |  | $ | $ |
|  |  |  | $ | $ |

Initials:  _____

## Item 18.  Real Property
List all real property interests (including any land contract)

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages |
|---|---|---|
| | | |

| Acquisition Date (mm/dd/yyyy) /  / | Purchase Price $ | Current Value $ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract $ |
|---|---|---|
| | | Monthly Payment $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance $ | Monthly Rent Received $ |

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages |
|---|---|---|
| | | |

| Acquisition Date (mm/dd/yyyy) /  / | Purchase Price $ | Current Value $ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract $ |
|---|---|---|
| | | Monthly Payment $ |

| Other Mortgage Loan(s) (describe) | Monthly Payment $ | ☐ Rental Unit |
|---|---|---|
| | Current Balance $ | Monthly Rent Received $ |

## LIABILITIES

## Item 19.  Credit Cards
List each credit card account held by you, your spouse, or your dependents, and any other credit cards that you, your spouse, or your dependents use, whether issued by a United States or foreign financial institution.

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

## Item 20.  Taxes Payable
List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependents.

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

Initials: _____

**Item 21.  Other Amounts Owed by You, Your Spouse, or Your Dependents**
List all other amounts, not listed elsewhere in this financial statement, owed by you, your spouse, or your dependents.

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
| --- | --- | --- | --- |
| | Lender/Creditor's Relationship to You | | |

| Date Liability Was Incurred<br>/   /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |
| --- | --- | --- | --- |

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
| --- | --- | --- | --- |
| | Lender/Creditor's Relationship to You | | |

| Date Liability Was Incurred<br>/   /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |
| --- | --- | --- | --- |

## OTHER FINANCIAL INFORMATION

**Item 22.  Trusts and Escrows**
List all funds and other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents.  Include any legal retainers being held on your behalf by legal counsel.  Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.

| Trustee or Escrow Agent's Name & Address | Date Established (mm/dd/yyyy) | Grantor | Beneficiaries | Present Market Value of Assets* |
| --- | --- | --- | --- | --- |
| | /   / | | | $ |
| | /   / | | | $ |
| | /   / | | | $ |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

**Item 23.  Transfers of Assets**
List each person or entity to whom you have transferred, in the aggregate, more than $5,000 in funds or other assets during the previous five years by loan, gift, sale, or other transfer (exclude ordinary and necessary living and business expenses paid to unrelated third parties).  For each such person or entity, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value* | Transfer Date (mm/dd/yyyy) | Type of Transfer (e.g., Loan, Gift) |
| --- | --- | --- | --- | --- |
| | | $ | /   / | |
| | | $ | /   / | |
| | | $ | /   / | |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

Initials: _____

## Item 24.  Document Requests

Provide copies of the following documents with your completed Financial Statement.

| | |
|---|---|
| | Federal tax returns filed during the last three years by or on behalf of you, your spouse, or your dependents. |
| | All applications for bank loans or other extensions of credit (other than credit cards) that you, your spouse, or your dependents have submitted within the last two years, including by obtaining copies from lenders if necessary. |
| Item 9 | For each bank account listed in Item 9, all account statements for the past 3 years. |
| Item 11 | For each business entity listed in Item 11, provide (including by causing to be generated from accounting records) the most recent balance sheet, tax return, annual income statement, the most recent year-to-date income statement, and all general ledger files from account records. |
| Item 17 | All appraisals that have been prepared for any property listed in Item 17, including appraisals done for insurance purposes.  You may exclude any category of property where the total appraised value of all property in that category is less than $2,000. |
| Item 18 | All appraisals that have been prepared for real property listed in Item 18. |
| Item 21 | Documentation for all debts listed in Item 21. |
| Item 22 | All executed documents for any trust or escrow listed in Item 22.  Also provide any appraisals, including insurance appraisals that have been done for any assets held by any such trust or in any such escrow. |

## SUMMARY FINANCIAL SCHEDULES

## Item 25.  Combined Balance Sheet for You, Your Spouse, and Your Dependents

| Assets | | Liabilities | |
|---|---|---|---|
| Cash on Hand (Item 9) | $ | Loans Against Publicly Traded Securities (Item 10) | $ |
| Funds Held in Financial Institutions (Item 9) | $ | Vehicles - Liens (Item 16) | $ |
| U.S. Government Securities (Item 10) | $ | Real Property – Encumbrances (Item 18) | $ |
| Publicly Traded Securities (Item 10) | $ | Credit Cards (Item 19) | $ |
| Non-Public Business and Financial Interests (Item 11) | $ | Taxes Payable (Item 20) | $ |
| Amounts Owed to You (Item 12) | $ | Amounts Owed by You (Item 21) | $ |
| Life Insurance Policies (Item 13) | $ | **Other Liabilities (Itemize)** | |
| Deferred Income Arrangements (Item 14) | $ | | $ |
| Vehicles (Item 16) | $ | | $ |
| Other Personal Property (Item 17) | $ | | $ |
| Real Property (Item 18) | $ | | $ |
| **Other Assets (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Assets** | $ | **Total Liabilities** | $ |

## Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents

Provide the current monthly income and expenses for you, your spouse, and your dependents.  Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| Income (State source of each item) | | Expenses | |
|---|---|---|---|
| Salary - After Taxes<br>Source: | $ | Mortgage or Rental Payments for Residence(s) | $ |
| Fees, Commissions, and Royalties<br>Source: | $ | Property Taxes for Residence(s) | $ |
| Interest<br>Source: | $ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ |
| Dividends and Capital Gains<br>Source: | $ | Car or Other Vehicle Lease or Loan Payments | $ |
| Gross Rental Income<br>Source: | $ | Food Expenses | $ |
| Profits from Sole Proprietorships<br>Source: | $ | Clothing Expenses | $ |
| Distributions from Partnerships, S-Corporations, and LLCs<br>Source: | $ | Utilities | $ |

Initials:  _____

| **Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents (cont.)** | | | | |
|---|---|---|---|---|
| Distributions from Trusts and Estates Source: | $ | Medical Expenses, Including Insurance | | $ |
| Distributions from Deferred Income Arrangements Source: | $ | Other Insurance Premiums | | $ |
| Social Security Payments | $ | Other Transportation Expenses | | $ |
| Alimony/Child Support Received | $ | **Other Expenses (Itemize)** | | |
| Gambling Income | $ | | | $ |
| **Other Income (Itemize)** | | | | $ |
| | $ | | | $ |
| | $ | | | $ |
| | $ | | | $ |
| **Total Income** | $ | Total Expenses | | $ |

| ATTACHMENTS | |
|---|---|

**Item 27.  Documents Attached to this Financial Statement**
List all documents that are being submitted with this financial statement.  For any Item 24 documents that are not attached, explain why.

| Item No. Document Relates To | Description of Document |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

        I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Executed on:

_____
(Date)

_____
Signature

Attachment B

**FEDERAL TRADE COMMISSION**

**FINANCIAL STATEMENT OF CORPORATE DEFENDANT**

**Instructions**:

1.  Complete all items.  Enter "None" or "N/A" ("Not Applicable") where appropriate.  If you cannot fully answer a question, explain why.

2.  The font size within each field will adjust automatically as you type to accommodate longer responses.

3.  In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

4.  When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

5.  Attach continuation pages as needed.  On the financial statement, state next to the Item number that the Item is being continued.  On the continuation page(s), identify the Item number being continued.

6.  Type or print legibly.

7.  An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

**Item 1.**      **General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

 E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

**Item 2.**      **Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status:  Active _____ Inactive _____ Dissolved _____

If Dissolved:  Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.**      **Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

**Item 4.**          **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

| Name & Address | % Owned |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**Item 5.**          **Board Members**

List all members of the corporation's Board of Directors.

| Name & Address | % Owned | Term (From/Until) |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Item 6.**          **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

| Name & Address | % Owned |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

Initials _____

<u>**Item 7.**</u>         **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

<u>Name & Address</u>                                   <u>Business Activities</u>    <u>% Owned</u>

_____   _____   _____

_____   _____   _____

_____   _____   _____

State which of these businesses, if any, has ever transacted business with the corporation _____

_____


<u>**Item 8.**</u>         **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

<u>Individual's Name</u>                <u>Business Name & Address</u>                <u>Business Activities</u>    <u>% Owned</u>

_____   _____   _____   _____

_____   _____   _____   _____

_____   _____   _____   _____

State which of these businesses, if any, have ever transacted business with the corporation _____

_____


<u>**Item 9.**</u>         **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date.  A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

<u>Name and Address</u>                          <u>Relationship</u>        <u>Business Activities</u>

_____   _____   _____

_____   _____   _____

_____   _____   _____


Initials _____

**Item 10.**        **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Item 11.**        **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**Item 12.**        **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

Initials _____

<u>**Item 13.**</u>        **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Initials _____

**Item 14.**        **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____ Status _____

Initials _____

**Item 15.**       **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

**Item 16.**       **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

| Owner's Name | Name & Address of Depository Institution | Box No. |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## FINANCIAL INFORMATION

**REMINDER:  When an Item asks for information about assets or liabilities "held by the corporation," include ALL such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

**Item 17.**       **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| Federal/ State/Both | Tax Year | Tax Due Federal | Tax Paid Federal | Tax Due State | Tax Paid State | Preparer's Name |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |

<u>**Item 18.**</u>        **Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date.  *Attach copies of all statements, providing audited statements if available.*

| <u>Year</u> | <u>Balance Sheet</u> | <u>Profit & Loss Statement</u> | <u>Cash Flow Statement</u> | <u>Changes in Owner's Equity</u> | <u>Audited?</u> |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |

<u>**Item 19.**</u>        **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 18 above, provide the following summary financial information.

|  | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|---|---|---|---|---|
| <u>Gross Revenue</u> | $_____ | $_____ | $_____ | $_____ |
| <u>Expenses</u> | $_____ | $_____ | $_____ | $_____ |
| <u>Net Profit After Taxes</u> | $_____ | $_____ | $_____ | $_____ |
| <u>Payables</u> | $_____ | | | |
| <u>Receivables</u> | $_____ | | | |

<u>**Item 20.**</u>        **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation.  The term "cash" includes currency and uncashed checks.

Cash on Hand $_____        Cash Held for the Corporation's Benefit $_____

| <u>Name & Address of  Financial Institution</u> | <u>Signator(s) on Account</u> | <u>Account No.</u> | <u>Current Balance</u> |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

Initials _____

**Item 21.**        **Government Obligations and Publicly Traded Securities**

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation.  Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

**Item 22.**        **Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location _____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Type of Property_____ Property's Location _____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

<u>Item 23.</u>        **Other Assets**

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| <u>Property Category</u> | <u>Property Location</u> | <u>Acquisition Cost</u> | <u>Current Value</u> |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

<u>Item 24.</u>        **Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| <u>Trustee or Escrow Agent's Name & Address</u> | <u>Description and Location of Assets</u> | <u>Present Market Value of Assets</u> |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |

**Item 25.**          **Monetary Judgments and Settlements Owed To the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____


**Item 26.**          **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

**Item 27.**       **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

**Item 28.**       **Credit Cards**

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

<u>Name of Credit Card or Store</u>                  <u>Names of Authorized Users and Positions Held</u>

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

**Item 29.**       **Compensation of Employees**

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date.  "Compensation"  includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans.  "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| <u>Name/Position</u> | <u>Current Fiscal Year-to-Date</u> | <u>1 Year Ago</u> | <u>2 Years Ago</u> | <u>Compensation or Type of Benefits</u> |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

Initials _____

<u>Item 30.</u>        **Compensation of Board Members and Officers**

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years.  "Compensation"  includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans.  "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |
| | $ | $ | $ | |

<u>Item 31.</u>        **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g.*, Loan, Gift) |
|---|---|---|---|---|
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |
| | | $ | | |

Initials _____

**Item 32.**        **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

| Item No. Document Relates To | Description of Document |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____          _____
(Date)                                  Signature


                                        _____
                                        Corporate Position

Attachment C

Form **4506**

(January 2024)

Department of the Treasury
Internal Revenue Service

# Request for Copy of Tax Return

▶ Do not sign this form unless all applicable lines have been completed.

▶ Request may be rejected if the form is incomplete or illegible.

▶ For more information about Form 4506, visit *www.irs.gov/form4506*.

OMB No. 1545-0429

**Tip: Get faster service:** Online at www.irs.gov, **Get Your Tax Record** (Get Transcript) or by calling **1-800-908-9946** for specialized assistance. We have teams available to assist. **Note:** Taxpayers may register to use Get Transcript to view, print, or download the following transcript types: **Tax Return Transcript** (shows most line items including Adjusted Gross Income (AGI) from your original Form 1040-series tax return as filed, along with any forms and schedules), **Tax Account Transcript** (shows basic data such as return type, marital status, AGI, taxable income and all payment types), **Record of Account Transcript** (combines the tax return and tax account transcripts into one complete transcript), **Wage and Income Transcript** (shows data from information returns we receive such as Forms W-2, 1099, 1098 and Form 5498), and **Verification of Non-filing Letter** (provides proof that the IRS has no record of a filed Form 1040-series tax return for the year(s) you request).

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions).

**4** Previous address shown on the last return filed if different from line 3 (see instructions).

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Caution:** If the tax return is being sent to the third party, ensure that lines 5 through 7 are completed before signing. (see instructions).

**6** **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ _____

**Note:** If the copies must be certified for court or administrative proceedings, check here  .   .   .   .   .   .   .   .   .   .   . ☐

**7** **Year or period requested**. Enter the ending date of the tax year or period using the mm/dd/yyyy format (see instructions).

____ / ____ / _____        ____ / ____ / _____        ____ / ____ / _____        ____ / ____ / _____

____ / ____ / _____        ____ / ____ / _____        ____ / ____ / _____        ____ / ____ / _____

**8** **Fee.** There is a $30 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN and "Form 4506 request" on your check or money order**

| | | |
|---|---|---|
| **a** | Cost for each return  .   .   .   .   .   .   .   .   .   .   .   . | $    30.00 |
| **b** | Number of returns requested on line 7  .   .   .   .   .   . | |
| **c** | Total cost. Multiply line 8a by line 8b  .   .   .   .   .   . | $ |

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here  .   .   .   .   .   . ☐

**Caution:** Do not sign this form unless all applicable lines have been complete

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☐ **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506. See instructions**

Phone number of taxpayer on line 1a or 2a

**Sign Here**

▶ **Signature** (see instructions)                           Date

Print/Type name                                            **Title** (if line 1a above is a corporation, partnership, estate, or trust)

▶ **Spouse's signature**                                    Date

Print/Type name

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**        Cat. No. 41721E        Form **4506** (Rev. 1-2024)

Form 4506 (Rev. 1-2024)                                                                                                Page **2**

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506 and its instructions, go to *www.irs.gov/form4506*.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines, *including lines 5 through 7*, have been completed.

**Designated Recipient Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information received pursuant to the taxpayer's consent and holds the recipient subject to penalties for any unauthorized access, other use, or redisclosure without the taxpayer's express permission or request.

**Taxpayer Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information provided pursuant to your consent and holds the recipient subject to penalties, brought by private right of action, for any unauthorized access, other use, or redisclosure without your express permission or request.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 75 calendar days for us to process your request.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year or period and the chart below shows two different addresses, send your request based on the address of your most recent return.

### Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to: |
|---|---|
| Alabama, Arkansas, Florida, Georgia, Louisiana, Mississippi, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Delaware, Illinois, Indiana, Iowa, Kentucky, Maine, Massachusetts, Minnesota, Missouri, New Hampshire, New Jersey, New York, Vermont, Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alaska, Arizona, California, Colorado, Connecticut, District of Columbia, Hawaii, Idaho, Kansas, Maryland, Michigan, Montana, Nebraska, Nevada, New Mexico, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, South Dakota, Utah, Washington, West Virginia, Wyoming | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

### Chart for all other returns

| For returns not in Form 1040 series, if the address on the return was in: | Mail to: |
|---|---|
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Specific Instructions

**Line 1b.** Enter the social security number (SSN) or individual taxpayer identification number (ITIN) for the individual listed on line 1a, or enter the employer identification number (EIN) for the business listed on line 1a. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on this line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note.** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address, or Form 8822-B,Change of Address or Responsible Party — Business, with Form 4506.

**Line 7.** Enter the end date of the tax year or period requested in mm/dd/yyyy format. This may be a calendar year, fiscal year or quarter. Enter each quarter requested for quarterly returns. Example: Enter 12/31/2018 for a calendar year 2018 Form 1040 return, or 03/31/2017 for a first quarter Form 941 return.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines, *including lines 5 through 7*, are completed before signing.



*You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506 but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5a. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224.

Do not send the form to this address. Instead, see *Where to file* on this page.