```
 1  Jody Goodman (DC Bar No. 404879)
    (202) 326-3096; jgoodman1@ftc.gov
 2  Elsie Kappler (MA Bar No. 562265)
 3  (202) 326-2466; ekappler@ftc.gov
    Federal Trade Commission
 4  600 Pennsylvania Ave., NW, CC-8528
 5  Washington, DC 20580

 6  Local Counsel
 7  Jeffrey Tang (CA Bar No. 308007)
    (310) 824-4303/jtang@ftc.gov
 8  10990 Wilshire Boulevard, Suite 400
 9  Los Angeles, California 90024

10  Attorneys for Plaintiff
11  Federal Trade Commission
```

FILED
CLERK, U.S. DISTRICT COURT
9/9/24
CENTRAL DISTRICT OF CALIFORNIA
BY: ___MRV___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Federal Trade Commission**, Plaintiff, v.<br><br>**Ascend Capventures Inc.**, also doing business as Ascend Ecom LLC; Ascend Ecomm LLC; ACV; ACV Partners; Accelerated Ecommerce Ventures; Ascend Distribution LLC; Ethix Capital; and ACV Nexus, a Wyoming close corporation profit corporation,<br>**Ascend Ecommerce Inc.**, also doing business as Ascend Ecom LLC, a Wyoming close corporation profit corporation,<br>**Ascend Administration Inc.**, a California general stock corporation,<br>**Ascend Ecom LLC**, a Wyoming limited liability company,<br>**Ascend Distribution LLC**, a Texas limited liability company, | No.2:24-cv-07660SPG(JPRx)<br><br>**FILED UNDER SEAL**<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S *EX PARTE* APPLICATION FOR LEAVE TO FILE A MEMORANDUM OF LAW IN SUPPORT OF ITS *EX PARTE* EMERGENCY APPLICATION FOR A TEMPORARY RESTRAINING ORDER IN EXCESS OF THE WORD COUNT PRESCRIBED BY LOCAL RULE 11-6.1** |

1

| | |
|---|---|
| 1 | **William Michael Basta**, individually and as officer and/or owner of Ascend Ecom LLC, Ascend Capventures Inc., Ascend Ecommerce Inc., Ascend Administration Inc., and Ascend Distribution LLC, and |
| 2 | |
| 3 | |
| 4 | |
| 5 | **Jeremy Kenneth Leung**, individually and as officer and/or owner of Ascend Ecom LLC, Ascend Capventures Inc., Ascend Ecommerce Inc., Ascend Administration Inc., and Ascend Distribution LLC, |
| 6 | |
| 7 | |
| 8 | |
| 9 | Defendants. |

Under Local Rule 11-6.1, Plaintiff, Federal Trade Commission ("FTC"), applies *ex parte* for an order permitting it to file its memorandum of law in support of its *Ex Parte* Emergency Application for a Temporary Restraining Order in excess of the 7,000 word limit set by Local Rule 11-6. The FTC's proposed memorandum is 8,589 words (comprising 27 pages), excluding the caption, tables, indices, signature block, and exhibits.

**POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION**

1. Local Rule 11-6.1 prohibits the filing of memoranda of points and authorities that exceed 7,000 words without leave of Court.

2. In connection with its nine-count Complaint, the FTC has moved for an *ex parte* temporary restraining order against five corporate Defendants and two individual Defendants who operate a fraudulent scheme that preys on consumers nationwide with false promises of earning substantial income through "e-commerce" (online stores). Defendants have bilked at least $25 million dollars from consumers seeking to generate income online. In doing so, Defendants have sought to suppress consumer complaints with threats of legal action and, in some instances, violence.

3. In operating and controlling their fraudulent scheme, Defendants are violating Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce, the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule"), 16 C.F.R. Part 437, as amended, and the Consumer Review Fairness Act ("CRFA"), 15 U.S.C. § 45b.

4. The FTC has filed its Complaint and *ex parte* emergency application for a TRO to halt Defendants' illegal conduct and to provide relief to the consumers Defendants have injured and continue to injure.

5. The FTC has made every effort to prepare a concise TRO memorandum. Nonetheless, more than 7,000 words are necessary to fully present for the Court's consideration the material facts and governing law regarding Defendants' scheme.

6. To explain Defendants' business practices the FTC is submitting over 3,000 pages of exhibits, including declarations from 19 injured consumers and four additional witnesses, plus declarations from two FTC investigators (one of whom provided financial analysis), data analyst, and paralegal who assisted with the investigation and analyzed information obtained through civil investigative demands. The proposed memorandum addresses and cites to these declarations and their accompanying exhibits, which include consumers' communications, contracts, invoices and payment records, defendants' extensive marketing materials, website and social media captures, transcripts, and other relevant documents. It also presents quotes from contracts and communications to aid the Court's review.

7. Additionally, the proposed memorandum presents facts relevant not just to the legal merits of the Commission's case but also to the imposition of *ex*

*parte* injunctive relief, including appointment of a temporary receiver, imposition of an asset freeze, and authorization of expedited discovery.

8. The FTC's Complaint alleges nine separate counts, three under Section 5 of the FTC Act, 15 U.S.C. § 45, five under the Business Opportunity Rule, 16 C.F.R. Part 437, and one under the CRFA, 15 U.S.C. § 45b. Each count is an independent basis of liability, and thus the FTC must explain in its memorandum the different elements and relevant facts and case law for each count.

For the reasons stated above, the FTC respectfully requests that the Court issue the accompanying proposed order allowing it to file a memorandum of law containing 10,964 words, in excess of the 7,000-word limit prescribed by L.R. 11-6.1.

Respectfully submitted,

Dated: September 9, 2024

/s/ Jody Goodman

**Jody Goodman**
**Elsie B. Kappler**
Federal Trade Commission
600 Pennsylvania Ave., NW, CC-8528
Washington, DC 20580
(202) 326-3096 / jgoodman1@ftc.gov
(202) 326-2466 / ekappler@ftc.gov
(202) 326-3395 (fax)

**Attorneys for Plaintiff**
**Federal Trade Commission**