1  Jody Goodman (DC Bar No. 404879)
2  (202) 326-3096; jgoodman1@ftc.gov
   Elsie Kappler (MA Bar No. 562265)
3  (202) 326-2466; ekappler@ftc.gov
4  Federal Trade Commission
   600 Pennsylvania Ave., NW, CC-8528
5  Washington, DC 20580

6  Local Counsel
7  Jeffrey Tang (CA Bar No. 308007)
   (310) 824-4303; jtang@ftc.gov
8  Federal Trade Commission
9  10990 Wilshire Boulevard, Suite 400
   Los Angeles, California 90024
10 *Attorneys for Plaintiff*

```
FILED
CLERK, U.S. DISTRICT COURT

9/9/24

CENTRAL DISTRICT OF CALIFORNIA
BY: _____MRV_____ DEPUTY
```

11

12 **IN THE UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA**
13

14 **Federal Trade Commission**,
                        Plaintiff,        No. 2:24-cv-07660SPG(JPRx)
15 v.
16 **Ascend Capventures Inc.**, also doing      **FILED UNDER SEAL**
   business as Ascend Ecom LLC; Ascend
17 Ecomm LLC; ACV; ACV Partners;             **PLAINTIFF FEDERAL TRADE**
   Accelerated Ecommerce Ventures;           **COMMISSION'S EXHIBITS**
18 Ascend Distribution LLC; Ethix Capital;
19 and ACV Nexus, a Wyoming close            **VOLUME XI**
   corporation profit corporation,
20 **Ascend Ecommerce Inc.**, also doing      **Exhibit 34**
   business as Ascend Ecom LLC, a
21 Wyoming close corporation profit           Pages 3055 to 3087
22 corporation,
   **Ascend Administration Inc**., a California
23 general stock corporation,
24 **Ascend Ecom LLC**, a Wyoming limited
   liability company,
25 **Ascend Distribution LLC**, a Texas
26 limited liability company,
27 **William Michael Basta**, individually and
   as officer and/or owner of Ascend Ecom
28

1

LLC, Ascend Capventures Inc., Ascend Ecommerce Inc., Ascend Administration Inc., and Ascend Distribution LLC, and **Jeremy Kenneth Leung**, individually and as an officer and/or owner of Ascend Ecom LLC, Ascend Capventures Inc., Ascend Ecommerce Inc., Ascend Administration Inc., and Ascend Distribution LLC,

Defendants.

## Volume XI – Exhibit List

| Ex. | Description | Beginning Page # | Ending Page # |
|-----|-------------|------------------|---------------|
| 34  | Second Declaration of Blanca Graham Cordova | 3055 | 3087 |

# Exhibit 34

EX 34
3055

1

## DECLARATION OF BLANCA GRAHAM CORDOVA

2      1.      I, Blanca Graham Cordova, hereby declare that I have personal

3 knowledge of the facts set forth below and, if called to testify, I could and would

4 testify as follows:

5      2.      I am a United States citizen. I work as an Investigator for the

6 Federal Trade Commission ("FTC") in the Bureau of Consumer Protection's

7 Division of Marketing Practices. The Division of Marketing Practices

8 investigates persons and entities that may be violating the FTC Act and other

9 laws enforced by the FTC.  My office address is 600 Pennsylvania Avenue, NW,

10 CC-8563, Washington, DC 20580.

11      3.      In the course of my work, I was assigned to work on an

12 investigation involving Ascend Ecom LLC, and numerous related entities

13 ("Ascend"), as well as William Basta and Jeremy Leung.

14

## LITIGATION AGAINST DEFENDANTS

15      4.      In the course of my work on the Ascend Ecom investigation, I

16 found two cases brought in California state courts.

17      5.      In the first case, *Justin Langford and Langford Exchange, LLC v.*

18 *Ascend Ecom LLC and Does 1-25* (37-2023-00025224-CU-BC-NC), the

19 Plaintiffs filed their Complaint on June 15, 2023, in the Superior Court of

20 California, County of San Diego, North County Division. **Attachment A** is a

21 true and correct copy of the complaint that was filed in this case.

22      6.      The Plaintiffs in the second case, *Aaron Watkins; Watkins FBA,*

23 *LLC; and Watkins Colaborations (sic.), LLC v. Ascend Ecom LLC*

24 (23STCV18082), filed their complaint on August 1, 2023, in the Superior Court

25 of the State of California, County of Los Angeles. **Attachment B** is a true and

26 correct copy of the complaint that was filed in this case. Plaintiffs filed an

27 amended complaint on September 13, 2023, adding Will Basta, Jeremy Leung,

28

EX 34
3056

and Does 1-10, as Defendants to the action. **Attachment C** is a true and correct copy of the amended complaint that was filed in this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed on ___September 6_____, 2024 at El Paso, Texas.

BLANCA GRAHAM CORDOVA    Digitally signed by BLANCA GRAHAM CORDOVA
Date: 2024.09.06 20:08:28 -04'00'

Blanca Graham Cordova

# Attachment A

**EX 34
3058**

Richard R. Rice (SBN 159315)
THE LAW OFFICE OF RICHARD R. RICE
1084 North El Camino Real, Suite B121
Encinitas CA 92024-1334
Telephone: 760.943.0100
Facsimile: 760.943.0942
Email: rrrice@rrrlaw.net

Attorney for Plaintiffs
JUSTIN LANGFORD and LANGFORD EXCHANGE, LLC

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/15/2023** at 07:48:55 AM

Clerk of the Superior Court
By Irma Ledesma, Deputy Clerk

### SUPERIOR COURT OF CALIFORNIA

### COUNTY OF SAN DIEGO

### NORTH COUNTY DIVISION

JUSTIN LANGFORD, an individual; and
LANGFORD EXCHANGE, LLC, a California
limited liability company,

　　　　　Plaintiff,

　　　　　v.

ASCEND ECOM, LLC, a Wyoming limited
liability company; and DOES 1-25, inclusive,

　　　　　Defendants.

Case No.  37-2023-00025224-CU-BC-NC

I/C Judge:
Dept.:

**COMPLAINT FOR:**
1. **BREACH OF CONTRACT**
2. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
3. **INTENTIONAL MISREPRESENTATION**
4. **FALSE PROMISE**
5. **NEGLIGENT MISREPRESENTATION**
6. **VIOLATION OF CALIFORNIA PENAL CODE § 496**
7. **MONEY HAD AND RECEIVED**
8. **UNJUST ENRICHMENT**
9. **CONVERSION**
10. **VIOLATION OF CALIFORNIA CIVIL CODE § 1812.200 et seq.**

[Unlimited Jurisdiction]

EX 34
3059

Plaintiffs JUSTIN LANGFORD and LANGFORD EXCHANGE, LLC allege as follows:

## I.

## THE PARTIES

1.      Plaintiff JUSTIN LANGFORD ("Langford") is and at all times alleged herein was an individual residing in the County of San Diego.  Plaintiff LANGFORD EXCHANGE, LLC ("LE"), is and at all times alleged herein was a limited liability company organized and existing under the laws of the State of California.  Langford is the sole member and manager of LE. Langford and LE are sometimes referred to herein collectively as "Plaintiffs".

2.      Defendant ASCEND ECOM, LLC ("Defendant"), is and at all times mentioned herein was a limited liability company organized and existing under the laws of the State of Wyoming and is and was doing business in the State of California and the County of San Diego.

3.      The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1-25, inclusive, are unknown to Plaintiffs who therefore sue these Defendants by their fictitious names.  Each of said fictitiously named Defendants, whether acting for itself or as its agents, corporations, associations, limited liability companies, or otherwise, is in some way liable or responsible to the Plaintiffs on the facts herein alleged and caused the injury or damages proximately thereby as hereinafter alleged.  Plaintiffs will seek leave of court to amend this Complaint to show the true names and capacities of these Defendants when and if the same are ascertained.

4.      Plaintiffs are informed and believe and thereon allege that, at all times herein alleged, each of the Defendants, including DOES 1-25, inclusive, was the agent, servant, employee or authorized representative of each of the remaining defendants, and was acting within the course, scope and purpose of said agency, employment or service with the knowledge, consent, and permission of the other Defendants.  Each of the Defendants, DOES herein 1-25, was the conspirator with, aided and abetted the other defendants' conduct, or acted in concert with the other defendants in causing the harm alleged herein.

////

////

EX 34
3060

## II.

### JURISDICTION AND VENUE

5.    Venue is proper in the San Diego County Superior Court because the Defendant is conducting business in the County of San Diego, the acts and transactions giving rise to the violations of law and duties complained of herein occurred in the County of San Diego, and Plaintiffs' resulting damages occurred in San Diego County.

## III.

### FACTUAL ALLEGATIONS

6.    In or around October 2022 Defendant solicited Plaintiffs with a so-called "investment opportunity" in the budding and heavily regulated world of Amazon ecommerce.

7.    On November 11, 2022, Plaintiffs and Defendant entered into an Amazon Master Services Agreement (the "Agreement") whereby Defendant agreed to provide to Plaintiffs various services as necessary and required to prepare, manage, and operate an Amazon.com store (the "Store") on Plaintiffs' behalf.  According to the terms of the Agreement, Plaintiffs paid to Defendant an "Initial Service Fee" of Forty-Eight Thousand Dollars ($48,000.00).  In addition to the Initial Service Fee, Defendant was to receive a thirty percent (30%) commission on all net profits generated by sales through the Store.  The initial term of the Agreement was to be for a period of twenty-four (24) months which was to begin once the Store had been approved and launched with products actively for sale.

8.    Plaintiffs paid the Initial Service Fee in two installments of Forty Thousand Dollars ($40,000.00) and Eight Thousand Dollars ($8,000.00).  Despite having paid the Initial Service Fee in full as required by the Agreement, Defendant has provided no services whatsoever to Plaintiffs.  Despite repeated demands Defendant has failed and refused either to perform according to the terms of the Agreement, or to refund the Initial Service Fee.

////

////

////

////

3
COMPLAINT

EX 34
3061

**IV.**

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

9.      Plaintiffs incorporate all other allegations of this Complaint as if set forth fully herein.

10.      At all relevant times there existed between Plaintiffs and Defendant a contract under which Defendant agreed to provide to Plaintiffs various services as necessary and required to prepare, manage, and operate the Store on Plaintiffs' behalf.

11.      Plaintiffs have performed all obligations on their part to be performed according to the terms of the Agreement.

12.      Defendant breached the Agreement by, without limitation, failing and refusing to provide any services whatsoever even though Plaintiffs paid the Initial Service Fee in full.

13.      As a proximate result of Defendant's breach of the Agreement, Plaintiffs have suffered legally compensable damages the exact amount of which will be shown according to proof according to proof at the time of trial.

**V.**

**SECOND CAUSE OF ACTION**

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

14.      Plaintiffs incorporate all other allegations of this Complaint as if set forth fully herein.

15.      At all relevant times there existed between Plaintiffs and Defendant a contract under which Defendant agreed to provide to Plaintiffs various services as necessary and required to prepare, manage, and operate the Store on Plaintiffs' behalf.

16.      Plaintiffs have performed all obligations on their part to be performed according to the terms of the Agreement.

17.      Defendant deprived Plaintiffs of the benefits due to them under the Agreement by failing and refusing to provide any services whatsoever even though Plaintiffs paid the Initial Service Fee in full.

4

EX 34
3062

18.     In acting or failing to act as alleged, Defendant has not acted fairly or in good faith.

19.     As a proximate result of Defendant's breach of the Agreement, Plaintiffs have suffered legally compensable damages the exact amount of which will be shown according to proof according to proof at the time of trial.

**VI.**

**THIRD CAUSE OF ACTION**

**(Intentional Misrepresentation)**

20.     Plaintiffs incorporate all other allegations of this Complaint as if set forth fully herein.

21.     Defendant represented to Plaintiffs that in exchange for the payment of the Initial Service Fee they would provide the services as specified in the Agreement.

22.     Defendant's representations were false.

23.     Defendant knew that their representations were false when they were made or made them recklessly without regard for their truth.

24.     Defendant intended that Plaintiffs rely on its representations.

25.     As a proximate result of Defendant's conduct, Plaintiffs have suffered legally compensable damages the exact amount of which will be shown according to proof according to proof at the time of trial.

26.     Defendant's conduct as alleged herein was carried out willfully, maliciously, and/or with wanton disregard for Plaintiffs' rights entitling Plaintiffs to an award of punitive damages.

**VII.**

**FOURTH CAUSE OF ACTION**

**(False Promise)**

27.     Plaintiffs incorporate all other allegations of this Complaint as if set forth fully herein.

////

COMPLAINT

EX 34
3063

28.     Defendant promised Plaintiffs that in exchange for payment of the Initial Service Fee, it would provide the services specified in the Agreement.

29.     Defendant did not intend to provide any of the services specified in the Agreement.

30.     Defendant intended that Plaintiffs rely on their promises to provide the services specified in the Agreement.

31.     Plaintiffs reasonably relied on Defendant's promises as alleged herein.

32.     Despite Plaintiffs having paid the Initial Service Fee in full, Defendant has failed and refused to provide any services under the Agreement, or to refund the Initial Service Fee to Plaintiffs.

33.     As a proximate result of Plaintiffs' reliance on Defendant's promises, Plaintiff has suffered legally compensable damages the exact amount of which will be shown according to proof according to proof at the time of trial.

34.     Defendant's conduct as alleged herein was carried out willfully, maliciously, and/or with wanton disregard for Plaintiffs' rights entitling Plaintiffs to an award of punitive damages.

## VIII.

### FIFTH CAUSE OF ACTION

### (Negligent Misrepresentation)

35.     Plaintiffs incorporate all other allegations of this Complaint as if set forth fully herein.

36.     Defendant represented to Plaintiffs that in exchange for the payment of the Initial Service Fee it would provide the services as specified in the Agreement.

37.     Defendant's representations were false.

38.     Although Defendant may have honestly believed its representations were true, it had no reasonable grounds to have such a belief at the time the representations were made.

39.     Defendant intended that Plaintiffs rely on its representations.

40.     Plaintiffs reasonably relied on Defendant's representations as alleged herein.

6

COMPLAINT

41.     As a proximate result of Defendants' conduct, Plaintiff has suffered legally
compensable damages the exact amount of which will be shown according to proof according to
proof at the time of trial.

## IX.

### SIXTH CAUSE OF ACTION

#### (Violation of California Penal Code § 496)

42.     Plaintiffs incorporate all other allegations of this Complaint as if set forth fully
herein.

43.     Defendant violated California Penal Code § 496 by obtaining money belonging to
Plaintiffs by theft and knowingly withholding the money from Plaintiffs or by aiding in obtaining
and knowingly withholding said money.

44.     Plaintiffs have been injured by Defendant's violations of California Penal Code §
496, the full nature and extent of which are presently unknown to Plaintiffs but will be shown
according to proof at the time of trial.

45.     Pursuant to California Penal Code § 496(c), Plaintiffs are entitled to three times
the amount of their actual damages, an amount which will be shown according to proof at the
time of trial.  Plaintiffs are also entitled to recover their costs of suit, including reasonable
attorney's fees incurred in prosecuting this action.

## X.

### SEVENTH CAUSE OF ACTION

#### (Money Had and Received)

46.     Plaintiffs incorporate all other allegations of this Complaint as if set forth fully
herein.

47.     Within the last four years Defendant became indebted to Plaintiffs for money had
and received by Defendant for the use and benefit of Plaintiffs in an amount to be shown
according to proof at the time of trial.

48.     Plaintiffs have repeatedly demanded payment from Defendant.

////

EX 34
3065

49.     No payment has been made by Defendant to Plaintiffs and there is now owing a sum to be determined according to proof at the time of trial together with interest thereon.

## XI.

## __EIGHTH CAUSE OF ACTION__

### (Unjust Enrichment)

50.     Plaintiffs incorporate all other allegations of this Complaint as if set forth fully herein.

51.     Within the last four years Defendant has received money from Plaintiffs that should have been repaid to Plaintiffs in an amount to be determined according to proof at the time of trial.  Because Defendant has not repaid said monies, it has been unjustly enriched in that amount.

## XII.

## __NINTH CAUSE OF ACTION__

### (Conversion)

52.     Plaintiffs incorporate all other allegations of this Complaint as if set forth fully herein.

53.     Plaintiffs possess an interest in the monies which were paid to Defendant under the Agreement based on Defendant having breached the Agreement.

54.     Defendant substantially interfered with Plaintiffs' property by knowingly and intentionally taking possession of the monies paid by Plaintiffs under the Agreement and then refusing to return those monies after Plaintiffs demanded their return.

55.     At no time did Plaintiffs consent to Defendant's retention of the monies paid under the Agreement.

56.     As a proximate result of Defendant's conduct as alleged herein, Plaintiffs have suffered legally compensable damages the exact amount of which will be shown according to proof according to proof at the time of trial.

////

////

EX 34
3066

57.     Defendant's conduct as alleged herein was carried out willfully, maliciously, and/or with wanton disregard for Plaintiffs' rights entitling Plaintiffs to an award of punitive damages.

### XIII.

### TENTH CAUSE OF ACTION

### (Violation of California Civil Code § 1812.200 et seq.)

58.     Plaintiffs incorporate all other allegations of this Complaint as if set forth fully herein.

59.     Defendant offered to Plaintiffs a "seller assisted marketing plan" as defined in California Civil Code § 1812.201(a) which required an initial cash payment of more than five hundred dollars ($500.00), but less than fifty thousand dollars ($50,000.00).  This initial cash payment was to aid Plaintiffs and to be used on their behalf incidental to beginning, maintaining, and operating the Store.

60.     Defendant solicited this initial cash payment by representing to Plaintiffs that through the Agreement (a) they would earn, or would be likely to earn, or could earn an amount in excess of the initial payment; and (b) there was a market for the products or services.

61.     Defendants did not provide any of the disclosures or information to Plaintiffs as required by California Civil Code § 1812.200 et seq.

62.     As alleged herein Defendants made numerous untrue and misleading statements to Plaintiffs in order to induce them to enter into the Agreement.  Based on such untrue and misleading statements and pursuant to California Civil Code §1812.215, the Agreement is voidable at Plaintiffs request and is unenforceable as contrary to public policy.

63.     As a proximate result of Defendant's conduct as alleged herein, Plaintiffs have suffered legally compensable damages the exact amount of which will be shown according to proof at the time of trial.

64.     Pursuant to California Civil Code § 1812.218, Plaintiffs are entitled to recover their costs of suit, including reasonable attorney's fees in prosecuting this action.

////

EX 34
3067

## XIV.

## **PRAYER**

1.     For judgment against Defendants, and each of them, for actual, direct, incidental, consequential, and/or statutory damages in favor of Plaintiffs in such amounts as will be proven at trial as appropriate for each cause action alleged on their behalf in this Complaint.

2.     For pre- and post-judgment interest on all amounts owed by Defendants, and each of them, as provided by law.

3.     For punitive damages.

4.     For costs of suit.

5.     For attorney's fees.

6.     For such other and further relief as the Court deems just and proper.

THE LAW OFFICE OF RICHARD R. RICE

Dated: June 15, 2023          By:

/s/ Richard R. Rice
_____
Richard R. Rice
Attorney for Plaintiffs JUSTIN LANGFORD
and LANGFORD EXCHANGE, LLC

10

EX 34
3068

Attachment B

EX 34
3069

Jordan Susman, Esq. (SBN 246116)
Heather L. Mayer, Esq. (SBN 210544)
Margo Arnold, Esq. (SBN 278288)
NOLAN HEIMANN LLP
16000 Ventura Blvd., Ste. 1200
Encino, California 91423
Telephone: (818) 574-5710
E-mail:  jsusman@nolanheimann.com
          hmayer@nolanheimann.com
          marnold@nolanheimann.com

Attorneys for Plaintiffs
Aaron Watkins, Watkins FBA, LLC
and Watkins Colaborations, LLC

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/01/2023 10:17 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTRY OF LOS ANGELES

|  |  |
|---|---|
| AARON WATKINS; WATKINS FBA, LLC; WATKINS COLABORATIONS, LLC, | Case No.: 23STCV18082 |
| Plaintiffs, | **COMPLAINT FOR:** |
| vs. | **1.  BREACH OF CONTRACT** |
| ASCEND ECOM LLC, | **2.  BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |
| Defendant. | **3.  FRAUD** |
|  | **4.  ACCOUNTING** |
|  | **5.  UNFAIR BUSINESS PRACTICES [CAL. BUS. & PROF. CODE § 17200]** |
|  | **DEMAND FOR JURY TRIAL** |

EX 34
3070

Plaintiffs Aaron Watkins, Watkins FBA, LLC, and Watkins Colaborations, LLC by and through their undersigned attorneys, allege upon knowledge as to themselves and their own acts and allege upon information and belief as to all other matters, bring this Complaint.

## THE PARTIES

1.      Plaintiff Aaron Watkins is an individual who resides in Los Angeles County.

2.      Plaintiff Watkins FBA, LLC is an Arizona limited liability company with its principal place of business in Maricopa County, Arizona.

3.      Plaintiff Watkins Colaborations, LLC is an Arizona limited liability company with its principal place of business in Maricopa County, Arizona.  Aaron Watkins, Watkins FBA, LLC, and Watkins Colaborations, LLC are referred to herein individually as a "Plaintiff" and collectively as the "Plaintiffs."

4.      Defendant Ascend Ecom, LLC ("Ascend") is a Wyoming limited liability company with its principal place of business in Los Angeles County, California.

## FACTS COMMON TO ALL CAUSES OF ACTION

### The Parties' Agreement

5.      Amazon is the largest retailer of goods outside of China. Given the size and reach of Amazon, an entire industry has developed of businesses that manage and grow individual sellers' Amazon accounts or "stores."  Unfortunately, many of these businesses are scam operations that make grandiose promises, demand exorbitant fees, and then provide little or no actual services. Defendant Ascend is one such scam operation.

6.      In March 2022, each Plaintiff entered into its own written agreement with Ascend, each entitled "Amazon FBA Management Agreement" and collectively referred to herein as the "Agreements." Pursuant to the Agreements, Ascend agreed to provide each Plaintiff with "skills, guidance, expertise, know-how, and deliverables" related to Amazon, including "Amazon store build + FBA [fulfillment by Amazon] product sourcing, Amazon Store Management + growth, and a reseller certificate."  In return, each Plaintiff agreed to pay Ascend a monthly fee and a percentage of its profits.

7.      Ascend failed and refused to provide multiple services required of it under its Agreements with Plaintiffs. Further, as demonstrated by its actions (and inaction), Ascend never

EX 34
3071

1   intended to perform its obligations under its Agreements, and defrauded Plaintiffs into entering into the

2   Agreements and paying it tens of thousands of dollars.

3       8.      Because Ascend continues to refuse to honor its ethical and contractual obligations,

4   Plaintiffs are left with no alternative but to file this action.

5                                   **FIRST CAUSE OF ACTION**

6                                   (Breach of Written Contract)

7       9.      Plaintiffs reallege and incorporate by reference the allegations contained in the preceding

8   paragraphs of this Complaint as if fully set forth herein.

9       10.     The Agreements, and each of them, are valid and enforceable contracts between

10  Plaintiffs, on the one hand, and Ascend, on the other hand.

11      11.     Plaintiffs have fully performed all duties, obligations, covenants and conditions required

12  of them pursuant to the Agreements, except to the extent such performance was waived, excused, or

13  prevented by reason of the acts and omissions of Ascend.

14      12.     Paragraph 1.1 of each Agreement provides in relevant part that Ascend will provide the

15  following services: "Amazon.com store approval services; reseller certificate services; product research,

16  sourcing, selecting and listing of products for sale on amazon.com; sourcing wholesale contracts;

17  handling customer service, returns, issuing refunds, bookkeeping, and handling all issues that arise

18  concerning Plaintiffs' Amazon.com seller accounts including customer claims, chargebacks, and

19  negative feedback; provide oversight of the store and its financial performance and provide proper

20  billing for account management services."

21      13.     Amazon breached the Agreements, and each of them, by failing to provide Amazon.com

22  store approval services; reseller certificate services; product research, sourcing, selecting and listing of

23  products for sale on amazon.com; sourcing wholesale contracts; handling customer service, returns,

24  issuing refunds, bookkeeping, and handling all issues that arise concerning Plaintiffs' Amazon.com

25  seller accounts including customer claims, chargebacks, and negative feedback; provide oversight of the

26  store and its financial performance and provide proper billing for account management services.

27

28

COMPLAINT

**EX 34**
**3072**

14.     Paragraph 2.5 of each Agreement provides in relevant part that Ascend will provide each Plaintiff with a written statement of account showing the net compensation/profits received by it on Plaintiffs' behalf and the expenses (if any) it incurred under the Agreements.

15.     Amazon breached the Agreements, and each of them, by failing to provide each Plaintiff with a written statement of account showing the net compensation/profits received by it on Plaintiffs' behalf and the expenses (if any) it incurred under the Agreements.

16.     Paragraph 4.1 of each Agreement provides in relevant part that Ascend will provide Plaintiffs a statement with an invoice on the first of each month detailing Plaintiffs' profits and Ascend's commission share.

17.     Amazon breached the Agreements, and each of them, by failing provide each Plaintiff a statement with an invoice on the first of each month detailing Plaintiffs' profits and Ascend's commission share.

18.     As a direct and proximate result of Ascend's material breaches of the Agreements, Plaintiffs have been damaged, and continue to accrue damages, in excess of the jurisdictional minimum of this Court, and subject to proof at trial.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

19.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

20.     The Agreements, and each of them, are valid and enforceable contracts between Plaintiffs, on the one hand, and Ascend, on the other hand.

21.     Plaintiffs have fully performed all duties, obligations, covenants, and conditions required of them pursuant to the Agreements, except to the extent such performance was waived, excused, or prevented by reason of the acts and omissions of Ascend.

22.     The Agreements require Ascend to deal fairly and in good faith with Plaintiffs.  Among other obligations, Ascend is required under the terms of the Agreements, including the implied covenant of good faith and fair dealing, to refrain from doing anything which would frustrate the agreed upon purposes of the Agreements or injure Plaintiffs' rights to receive the benefits of the Agreements.

EX 34
3073

23.     Ascend has breached, and continues to breach, the Agreements' implied covenant of
good faith and fair dealing by the following conduct, among other things:

- Failing and refusing to provide timely updates to Plaintiffs regarding their respective
  Amazon stores;

- Failing and refusing to provide timely invoices to Plaintiffs;

- Losing products that were to be sold through Plaintiffs' Amazon stores and then failing
  and refusing to reimburse Plaintiffs for the product losses;

- Failing to fulfill orders made through Plaintiffs' Amazon stores;

- Failing to address customer service issues;

- Failing and refusing to provide store inventories to Plaintiffs;

- Failing and refusing to provide Plaintiffs with accurate accountings of costs, fees and
  profits.

24.     The foregoing conduct by Ascend unfairly interfered with Plaintiffs' right to receive the
benefits of the Agreements.

25.     As a direct and proximate result of Ascend's breach of the implied covenant of good faith
and fair dealing, Plaintiffs have been damaged, and continue to accrue damages, in excess of the
jurisdictional minimum of this Court, and subject to proof at trial.

### **THIRD CAUSE OF ACTION**

### **(Fraud: False Promise)**

26.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding
paragraphs as if fully set forth herein.

27.     Ascend made at least two false promises to Plaintiffs.

28.     First, in executing the Agreements, Ascend falsely represented or implied in the
Agreements that it would fulfill its obligations therein.

29.     The foregoing representations were false when made, as Ascend knew that it had no
intention of honoring its obligations under the Agreements.

30.     Second, Ascend falsely represented or implied in the Agreements that it had the technical
capability, resources, and skills to fulfill its obligations under the Agreements.

4

EX 34
3074

31.     The foregoing representations were false when made, as Ascend knew or should have known that it did not have resources or capability to fulfill its obligations under the Agreements.

32.     Ascend intended to induce Plaintiffs' reliance on these representations when made.

33.     Plaintiffs justifiably and reasonably relied upon Ascend's false representations to their detriment, as Ascend appeared for all intents and purposes to be a successful and honest company.

34.     As a result of their reasonable reliance, Plaintiffs entered into the Agreements and paid Ascend significant sums of money that Ascend pocketed without providing the agreed upon services.

35.     As a direct and proximate result of Plaintiffs' justifiable and reasonable reliance on Ascend's false representations, they have been damaged, and continue to accrue damages, in an amount subject to proof at trial, but, in any event, is in excess of the jurisdictional minimum of this Court.

36.     Ascend's aforementioned misconduct was intentional, willful, and done for the purpose of depriving Plaintiffs of property and/or legal rights or otherwise causing injury.  This despicable conduct subjected Plaintiffs to cruel and unjust hardship in conscious disregard of their rights, so as to justify an award of exemplary and punitive damages in an amount appropriate to punish or make an example of Ascend, and to deter such conduct in the future, the exact amount of such damages subject to proof at the time of trial.

## FOURTH CAUSE OF ACTION

### (Accounting)

37.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

38.     A relationship exists between Plaintiffs, on the one hand, and Ascend, on the other hand for which an accounting of Ascend's books and records is appropriate.

39.     Plaintiffs do not know the precise amount of monies received by Ascend and owing to Plaintiffs but such monies can be determined by an accounting of Ascend's books and records.

40.     Plaintiffs also pray for the Court to impose a constructive trust on all monies wrongfully withheld by Ascend, in accordance with common law and California Civil Code §§ 2223-2224, for the benefit of Plaintiffs and Plaintiffs' interests.

EX 34
3075

## FIFTH CAUSE OF ACTION

### (Violation of Bus. and Prof. Code § 17200)

41.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

42.    California's Unfair Competition Law (the "UCL"), set forth in California Business & Professions Code §§ 17200, *et seq*., provides that unfair competition shall mean and include any unlawful and unfair business act or practice.

43.    Ascend's acts and practices as set forth herein include, but are not limited to, unlawful and fraudulent business practices. They constitute unlawful and unfair business acts and practices under California Business & Professions Code §§ 17200 *et seq*., because such acts are unscrupulous, unethical, unfair, and injurious to Plaintiffs. Accordingly, Ascend's conduct constitutes a violation of the UCL.

44.    As a direct and proximate result of Ascend's unlawful and unfair business acts and practices, it has been unjustly enriched, and Plaintiffs have suffered monetary harm. Plaintiffs thus seek disgorgement and restitution of all money, property, profits, and other benefits acquired by Ascend by means of its unfair business practices.

WHEREFORE, Plaintiffs pray for judgment against Ascend as follows:

1.    General and special damages according to proof;

2.    Punitive damages in an amount appropriate to punish or make an example of Ascend and to deter such conduct in the future, the exact amount of such damages subject to proof at the time of trial;

3.    Restitution of all money, property, profits, and other benefits acquired by Ascend by means of its unfair business practices;

4.    Imposition of a constructive trust on the monies wrongfully withheld by Ascend;

5.    All costs of suit incurred herein;

4.    Pre-judgment interest at the maximum legal rate; and

5.    Such other and further relief as the Court may deem to be just and proper.

EX 34
3076

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiffs hereby demand a trial by jury on all issues so triable.

3

4

5     Dated: August 1, 2023                              NOLAN HEIMANN, LLP

6

7                                                  By: _____

8                                                       Jordan Susman
                                                      Attorneys for Plaintiffs
9                                                     Aaron Watkins, Watkins FBA, LLC, and Watkins
                                                      Colaborations, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

**EX 34**
**3077**

Attachment C

Electronically Received 09/13/2023 07:11 PM

Jordan Susman, Esq. (SBN 246116)
Heather L. Mayer, Esq. (SBN 210544)
Margo Arnold, Esq. (SBN 278288)
NOLAN HEIMANN LLP
16000 Ventura Blvd., Ste. 1200
Encino, California 91423
Telephone: (818) 574-5710
E-mail:  jsusman@nolanheimann.com
        hmayer@nolanheimann.com
        marnold@nolanheimann.com

Attorneys for Plaintiffs
Aaron Watkins, Watkins FBA, LLC
and Watkins Colaborations, LLC

**FILED**
Superior Court of California
County of Los Angeles

**09/13/2023**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ N. Osollo _____ Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTRY OF LOS ANGELES

AARON WATKINS; WATKINS FBA, LLC;
WATKINS COLABORATIONS, LLC,

        Plaintiffs,

    vs.

ASCEND ECOM LLC; WILL BASTA;
JEREMY LEUNG; DOES 1-10;

        Defendants.

Case No.:  23STCV18082

**FIRST AMENDED COMPLAINT FOR:**

1.  **BREACH OF CONTRACT**

2.  **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

3.  **FRAUD**

4.  **ACCOUNTING**

5.  **UNFAIR BUSINESS PRACTICES [CAL. BUS. & PROF. CODE § 17200]**

    **DEMAND FOR JURY TRIAL**

Plaintiffs Aaron Watkins, Watkins FBA, LLC, and Watkins Colaborations, LLC by and through their undersigned attorneys, allege upon knowledge as to themselves and their own acts and allege upon information and belief as to all other matters, bring this Complaint.

## THE PARTIES

1.      Plaintiff Aaron Watkins is an individual who resides in Los Angeles County.

2.      Plaintiff Watkins FBA, LLC is an Arizona limited liability company with its principal place of business in Maricopa County, Arizona.

3.      Plaintiff Watkins Colaborations, LLC is an Arizona limited liability company with its principal place of business in Maricopa County, Arizona.  Aaron Watkins, Watkins FBA, LLC, and Watkins Colaborations, LLC are referred to herein individually as a "Plaintiff" and collectively as the "Plaintiffs."

4.      Defendant Ascend Ecom, LLC ("Ascend") is a dissolved Wyoming limited liability company with its principal place of business in Los Angeles County, California.

5.      Defendant Will Basta ("Basta") is an individual who resides in Los Angeles County.

6.      Defendant Jeremy Leung ("Leung") is an individual who resides in Texas but has minimum contacts with California such that the assertion of jurisdiction by it does not offend traditional notions of fair play and substantial justice.

7.      Plaintiffs are unaware of the true names and capacities of defendants, whether individual, corporate, associate, or otherwise, named herein as Does 1 through 10, inclusive, and therefore sue said defendants by such fictitious names (the "Doe Defendants").  Plaintiffs will seek leave to amend this Complaint to state their true names and capacities when they are ascertained.  All of the Defendants, including the Doe Defendants, are referred to herein singularly as a "Defendant" and collectively as the "Defendants."

8.      At all times herein mentioned, each Defendant was the agent and/or employee of the other, and at all times were and are acting within the purpose and scope of such agency and/or employment, and with knowledge, authorization, permission, consent, and/or subsequent ratification and approval of each other.  Each Defendant knowingly and willfully conspired and agreed among themselves to deprive Plaintiffs of their rights and to cause the damages described herein.

1

EX 34
3080

9.      At all times relative to this action, Ascend was the alter ego of Basta and Leung, and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between and among Ascend, Basta, and Leung such that any separateness has ceased to exist.  Ascend, Basta, and Leung have commingled personal and corporate funds and assets.  Ascend has disregarded necessary legal formalities that corporate entities must follow, including filing a request for dissolution shortly after this action was filed.  Basta and Leung use Ascend in an attempt to evade liability for their own unlawful actions.  Consequently, adherence to the fiction of the separate existence of Ascend as an entity distinct from Basta and Leung would permit an abuse of the corporate privilege and would sanction fraud and promote injustice in that the acts alleged herein were the result of Ascend's acts, however, Basta and Leung benefitted from the acts alleged herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

### The Parties' Agreement

10.      Amazon is the largest retailer of goods outside of China. Given the size and reach of Amazon, an entire industry has developed of businesses that manage and grow individual sellers' Amazon accounts or "stores."  Unfortunately, many of these businesses are scam operations that make grandiose promises, demand exorbitant fees, and then provide little or no actual services. Defendant Ascend is one such scam operation.

11.      In March 2022, each Plaintiff entered into its own written agreement with Ascend, each entitled "Amazon FBA Management Agreement" and collectively referred to herein as the "Agreements." Pursuant to the Agreements, Ascend agreed to provide each Plaintiff with "skills, guidance, expertise, know-how, and deliverables" related to Amazon, including "Amazon store build + FBA [fulfillment by Amazon] product sourcing, Amazon Store Management + growth, and a reseller certificate."  In return, each Plaintiff agreed to pay Ascend a monthly fee and a percentage of its profits.

12.      Ascend failed and refused to provide multiple services required of it under its Agreements with Plaintiffs. Further, as demonstrated by its actions (and inaction), Ascend never intended to perform its obligations under its Agreements, and defrauded Plaintiffs into entering into the Agreements and paying it tens of thousands of dollars.

2

EX 34
3081

13.     Because Ascend continues to refuse to honor its ethical and contractual obligations,
Plaintiffs are left with no alternative but to file this action.

**FIRST CAUSE OF ACTION**

(Breach of Written Contract)

14.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding
paragraphs of this Complaint as if fully set forth herein.

15.     The Agreements, and each of them, are valid and enforceable contracts between
Plaintiffs, on the one hand, and Ascend, on the other hand.

16.     Plaintiffs have fully performed all duties, obligations, covenants and conditions required
of them pursuant to the Agreements, except to the extent such performance was waived, excused, or
prevented by reason of the acts and omissions of Ascend.

17.     Paragraph 1.1 of each Agreement provides in relevant part that Ascend will provide the
following services: "Amazon.com store approval services; reseller certificate services; product research,
sourcing, selecting and listing of products for sale on amazon.com; sourcing wholesale contracts;
handling customer service, returns, issuing refunds, bookkeeping, and handling all issues that arise
concerning Plaintiffs' Amazon.com seller accounts including customer claims, chargebacks, and
negative feedback; provide oversight of the store and its financial performance and provide proper
billing for account management services."

18.     Amazon breached the Agreements, and each of them, by failing to provide Amazon.com
store approval services; reseller certificate services; product research, sourcing, selecting and listing of
products for sale on amazon.com; sourcing wholesale contracts; handling customer service, returns,
issuing refunds, bookkeeping, and handling all issues that arise concerning Plaintiffs' Amazon.com
seller accounts including customer claims, chargebacks, and negative feedback; provide oversight of the
store and its financial performance and provide proper billing for account management services.

19.     Paragraph 2.5 of each Agreement provides in relevant part that Ascend will provide each
Plaintiff with a written statement of account showing the net compensation/profits received by it on
Plaintiffs' behalf and the expenses (if any) it incurred under the Agreements.

3

**EX 34**
**3082**

20.     Amazon breached the Agreements, and each of them, by failing to provide each Plaintiff with a written statement of account showing the net compensation/profits received by it on Plaintiffs' behalf and the expenses (if any) it incurred under the Agreements.

21.     Paragraph 4.1 of each Agreement provides in relevant part that Ascend will provide Plaintiffs a statement with an invoice on the first of each month detailing Plaintiffs' profits and Ascend's commission share.

22.     Amazon breached the Agreements, and each of them, by failing provide each Plaintiff a statement with an invoice on the first of each month detailing Plaintiffs' profits and Ascend's commission share.

23.     As a direct and proximate result of Ascend's material breaches of the Agreements, Plaintiffs have been damaged, and continue to accrue damages, in excess of the jurisdictional minimum of this Court, and subject to proof at trial.

24.     As Ascend is the alter ego of Basta and Leung, Basta and Leung are liable for Ascend's breach of contract to the same extent as Ascend.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

25.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

26.     The Agreements, and each of them, are valid and enforceable contracts between Plaintiffs, on the one hand, and Ascend, on the other hand.

27.     Plaintiffs have fully performed all duties, obligations, covenants, and conditions required of them pursuant to the Agreements, except to the extent such performance was waived, excused, or prevented by reason of the acts and omissions of Ascend.

28.     The Agreements require Ascend to deal fairly and in good faith with Plaintiffs.  Among other obligations, Ascend is required under the terms of the Agreements, including the implied covenant of good faith and fair dealing, to refrain from doing anything which would frustrate the agreed upon purposes of the Agreements or injure Plaintiffs' rights to receive the benefits of the Agreements.

4

EX 34
3083

29.    Ascend has breached, and continues to breach, the Agreements' implied covenant of good faith and fair dealing by the following conduct, among other things:

- Failing and refusing to provide timely updates to Plaintiffs regarding their respective Amazon stores;

- Failing and refusing to provide timely invoices to Plaintiffs;

- Losing products that were to be sold through Plaintiffs' Amazon stores and then failing and refusing to reimburse Plaintiffs for the product losses;

- Failing to fulfill orders made through Plaintiffs' Amazon stores;

- Failing to address customer service issues;

- Failing and refusing to provide store inventories to Plaintiffs;

- Failing and refusing to provide Plaintiffs with accurate accountings of costs, fees and profits.

30.    The foregoing conduct by Ascend unfairly interfered with Plaintiffs' right to receive the benefits of the Agreements.

31.    As a direct and proximate result of Ascend's breach of the implied covenant of good faith and fair dealing, Plaintiffs have been damaged, and continue to accrue damages, in excess of the jurisdictional minimum of this Court, and subject to proof at trial.

32.    As Ascend is the alter ego of Basta and Leung, Basta and Leung are liable for Ascend's breach of the implied covenant of good faith and fair dealing to the same extent as Ascend

### THIRD CAUSE OF ACTION

### (Fraud: False Promise)

33.    Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

34.    Ascend made at least two false promises to Plaintiffs.

35.    First, in executing the Agreements, Ascend falsely represented or implied in the Agreements that it would fulfill its obligations therein.

36.    The foregoing representations were false when made, as Ascend knew that it had no intention of honoring its obligations under the Agreements.

EX 34
3084

37.     Second, Ascend falsely represented or implied in the Agreements that it had the technical capability, resources, and skills to fulfill its obligations under the Agreements.

38.     The foregoing representations were false when made, as Ascend knew or should have known that it did not have resources or capability to fulfill its obligations under the Agreements.

39.     Ascend intended to induce Plaintiffs' reliance on these representations when made.

40.     Plaintiffs justifiably and reasonably relied upon Ascend's false representations to their detriment, as Ascend appeared for all intents and purposes to be a successful and honest company.

41.     As a result of their reasonable reliance, Plaintiffs entered into the Agreements and paid Ascend significant sums of money that Ascend pocketed without providing the agreed upon services.

42.     As a direct and proximate result of Plaintiffs' justifiable and reasonable reliance on Ascend's false representations, they have been damaged, and continue to accrue damages, in an amount subject to proof at trial, but, in any event, is in excess of the jurisdictional minimum of this Court.

43.     Ascend's aforementioned misconduct was intentional, willful, and done for the purpose of depriving Plaintiffs of property and/or legal rights or otherwise causing injury.  This despicable conduct subjected Plaintiffs to cruel and unjust hardship in conscious disregard of their rights, so as to justify an award of exemplary and punitive damages in an amount appropriate to punish or make an example of Ascend, and to deter such conduct in the future, the exact amount of such damages subject to proof at the time of trial.

44.     As Ascend is the alter ego of Basta and Leung, Basta and Leung are liable for Ascend's fraud to the same extent as Ascend.

## FOURTH CAUSE OF ACTION

### (Accounting)

45.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

46.     A relationship exists between Plaintiffs, on the one hand, and Ascend, on the other hand for which an accounting of Ascend's books and records is appropriate.

47.     Plaintiffs do not know the precise amount of monies received by Ascend and owing to Plaintiffs but such monies can be determined by an accounting of Ascend's books and records.

6

EX 34
3085

48.     Plaintiffs also pray for the Court to impose a constructive trust on all monies wrongfully withheld by Ascend, in accordance with common law and California Civil Code §§ 2223-2224, for the benefit of Plaintiffs and Plaintiffs' interests.

49.     As Ascend is the alter ego of Basta and Leung, Basta and Leung are liable for Ascend's need to provide an accounting to the same extent as Ascend.

### FIFTH CAUSE OF ACTION

### (Violation of Bus. and Prof. Code § 17200)

50.     Plaintiffs reallege and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

51.     California's Unfair Competition Law (the "UCL"), set forth in California Business & Professions Code §§ 17200, *et seq*., provides that unfair competition shall mean and include any unlawful and unfair business act or practice.

52.     Ascend's acts and practices as set forth herein include, but are not limited to, unlawful and fraudulent business practices. They constitute unlawful and unfair business acts and practices under California Business & Professions Code §§ 17200 *et seq*., because such acts are unscrupulous, unethical, unfair, and injurious to Plaintiffs. Accordingly, Ascend's conduct constitutes a violation of the UCL.

53.     As a direct and proximate result of Ascend's unlawful and unfair business acts and practices, it has been unjustly enriched, and Plaintiffs have suffered monetary harm. Plaintiffs thus seek disgorgement and restitution of all money, property, profits, and other benefits acquired by Ascend by means of its unfair business practices.

54.     As Ascend is the alter ego of Basta and Leung, Basta and Leung are liable for Ascend's violation of the UCL to the same extent as Ascend

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     General and special damages according to proof;

2.     Punitive damages in an amount appropriate to punish or make an example of Defendants and to deter such conduct in the future, the exact amount of such damages subject to proof at the time of trial;

7

EX 34
3086

3.      Restitution of all money, property, profits, and other benefits acquired by Defendants by means of its unfair business practices;

4.      Imposition of a constructive trust on the monies wrongfully withheld by Defendants;

4.      All costs of suit incurred herein;

4.      Pre-judgment interest at the maximum legal rate; and

5.      Such other and further relief as the Court may deem to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: September 13, 2023                               NOLAN HEIMANN, LLP

                                                        By: _____
                                                            Jordan Susman
                                                        Attorneys for Plaintiffs
                                                        Aaron Watkins, Watkins FBA, LLC, and Watkins
                                                        Colaborations, LLC

**FIRST AMENDED COMPLAINT**

EX 34
3087