**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
karl@kr.law
Jeffrey M. Rosenfeld (Bar No. 222187)
jeff@kr.law
Virginia Sanderson (Bar No. 240241)
ginny@kr.law
Liana Chen (Bar No. 296965)
liana@kr.law
548 Market Street #85399
San Francisco, CA 94104-5401
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **ASCEND CAPVENTURES INC.**, also doing business as Ascend Ecom LLC, *et al*. <br><br> Defendants. | Case No. 2:24-cv-07660-SPG(JPRx) <br><br> **DEFENDANTS' ANSWER TO COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGEMENT, AND OTHER RELIEF** |

Defendants Ascend Capventures Inc., Ascend Ecommerce Inc., Ascend Administration Inc., Ascend Ecom LLC, Ascend Distribution LLC, William Michael Basta, and Jeremy Kenneth Leung (collectively, "Defendants") answer to the Complaint of Plaintiff Federal Trade Commission ("Plaintiff" or "FTC") as follows:

1. The allegations are prefatory, contain Plaintiff's characterization of the Complaint, and call for conclusions of law to which no response is required. To the extent there are allegations that require response, Defendants deny the same.

## SUMMARY OF CASE

2. Defendants admit that they assisted customers in managing e-commerce or online stores on platforms such as Amazon.com and Walmart.com. Except as expressly admitted, denied.

3. Defendants admit they used the name Ascend, Ascend CapVentures, and variations thereon. The remaining allegations are prefatory and conclusory, and no response is required. Except as expressly admitted, denied.

4. Denied.

5. Denied.

6. Denied.

## JURISDICTION AND VENUE

7. Denied that there is jurisdiction for the relief requested. The remaining allegations are prefatory and conclusory and no response is required. To the extent a response is required, denied.

8. Denied that there is personal jurisdiction. The remaining allegations are prefatory and conclusory and no response is required. To the extent a response is required, denied.

## PLAINITFF

9. Defendants admit that the FTC is an agency of the United States Government and enforces the Business Opportunity Rule and the Consumer Rights Fairness Act. The remaining allegations are prefatory, contain legal verbiage, and call

for conclusions of law to which no response is required. To the extent a response is required, denied.

### DEFENDANTS

10. Defendants admit that Defendants Jeremy Leung and William Basta were the sole owners of the Corporate Defendants. Otherwise, denied.

*Corporate Defendants*

11. Defendants admit that Ascend Capventures Inc. is a Wyoming corporation and that any corporate records speak for themselves. Otherwise, denied.

12. Defendants admit that Ascend Ecommerce Inc. is a Wyoming corporation and that any corporate records speak for themselves. Otherwise, denied.

13. Defendants admit that there was a California entity named Ascend Administration Inc. and that any corporate records speak for themselves. Otherwise, denied.

14. Defendants admit that Ascend Ecom LLC is a Wyoming Limited Liability Company and that any corporate records speak for themselves. Otherwise, denied.

15. Defendants admit that Ascend Distribution LLC was a Texas entity and that any corporate records speak for themselves. Otherwise, denied.

*Individual Defendants*

16. Admitted that Defendant William Basta was a co-founder and officer of the Corporate Defendants, has been a signatory on bank accounts, and has engaged in business activities on behalf of the Corporate Defendants, including marketing activities. Except as expressly admitted, denied.

17. Admitted that Defendant Jeremy Leung was a co-founder and officer of the Corporate Defendants, has been a signatory on bank accounts, and has engaged in business activities on behalf of the Corporate Defendants, including marketing activities. Admitted that Leung is an Australian national who resides outside the United States. Leung denies that this Court has personal jurisdiction over him. Except

as expressly admitted, denied.

## COMMON ENTERPRISE

18. Admitted that Defendant William Basta and Jeremy Leung were co-founders and officers of the Corporate Defendants and have engaged in business activities on behalf of the Corporate Defendants, including marketing activities. Admitted that Corporate Defendants have used various phone numbers and addresses at 1309 Coffeen Ave., Sheridan, WY 82801, 3240 Professional Dr., Auburn, CA 95602, and 1939 N. Great Southwest Pkwy., Grand Prairie, TX 75050 and 941 Ave. N. Grand Prairie, TX 75050. Denied there was a common enterprise. Except as expressly admitted, denied.

19. Denied.

## COMMERCE

20. The allegations are prefatory and conclusory, and no response is required. To the extent a response is required, denied.

## DEFENDANTS' BUSINESS ACTIVITIES

### *The Ascend Business Opportunity Scheme*

21. Defendants admit that they assisted customers with management of customers' ecommerce stores, including researching and selecting products, fulfilling orders, and handling customer service. Otherwise, denied.

22. Defendants admit that they assisted customers with management of customers' ecommerce stores. Otherwise, denied.

23. Defendants admit that clients had their own businesses, accounts, stores, and in some cases purchased inventory for their own stores. Otherwise, denied.

24. Defendants admit that clients agreed to pay a percentage of profits. Otherwise, denied.

25. Defendants admit they advertised online. Otherwise, denied.

26. Defendants admit that the stores of some customers were suspended or terminated. Otherwise, denied.

27. Defendants admit that they provided management services for stores on Etsy and TikTok. Otherwise, denied.

28. Defendants admit they advertised online. Otherwise, denied.

29. Defendants admit they advertised on social media. Otherwise, denied.

30. Defendants admit to offering a buy-back opportunity to some customers. Otherwise, denied.

31. Defendants admit they advertised their services, that some of said advertising made varied claims about their staffing and experience, and that the advertising materials speak for themselves. Otherwise, denied.

32. Defendants admit they advertised their services, that some of said advertising made claims about technological resources, and that the advertising materials speak for themselves. Otherwise, denied.

33. Defendants admit they advertised their services, that some of said advertising made claims about operating standards, and that the advertising materials speak for themselves. Otherwise, denied.

34. Defendants admit they advertised their services, that some of said advertising used the Ascend name and variations thereon, and that the advertising materials speak for themselves. Otherwise, denied.

35. Defendants admit they spoke to customers and also used sales representatives in some cases. Otherwise, denied.

36. Defendants admit they spoke to customers and also used sales representatives in some cases. Otherwise, denied.

37. Defendants admit that sales representatives spoke to customers in some cases. Defendants deny using any "profit calculator" at the time of the Complaint or in the manner alleged by Plaintiff. Otherwise, denied.

38. Defendants admit they used sales representatives, that Defendants' services included managing the day-to-day operations of the e-commerce storefronts of their customers, and customers were required to provide working capital.

Otherwise, denied.

39. Defendants admit they advertised their services and that the advertising materials speak for themselves. Otherwise, denied.

40. Defendants admit they used sales representatives, that they advertised their services and that the advertising materials speak for themselves. Otherwise, denied.

41. Defendants admit to offering a buy-back opportunity to some customers. Otherwise, denied.

42. Defendants admit that they advertised their services, that the advertising materials speak for themselves, and that their services were featured in press such as Business Insider and Forbes. Defendants deny the implicated allegations. Otherwise, denied.

43. Defendants admit to posting their legitimate experience and contact information. Defendants deny the implicated allegations. Otherwise, denied.

44. Defendants admit they used a webpage with various disclaimer language, including about potential earnings claims. Otherwise, denied.

45. Defendants admit to using contracts with customers. Otherwise, denied.

46. Defendants admit they advertised their services and that the advertising materials speak for themselves. Otherwise, denied.

47. Defendants admit to doing business as Ascend and variations thereof. Otherwise, denied.

48. Defendants admit to doing business as Ascend and variations thereof. Otherwise, denied.

49. Defendants admit to doing business as Ascend and variations thereof. Defendants admit promoting the business. Otherwise, denied.

50. Defendants admit being a certified partner for TikTok and that William Basta has the stated experience. Defendants admit promoting their business. Otherwise, denied.

51. Denied.

52. Defendants admit using the name Ascend and variations thereon. Otherwise, denied.

53. Defendants lack sufficient information or knowledge about the allegations in this Paragraph and therefore deny the same.

### *The Ascend Contracts*

54. Defendants admit using customer contracts. Otherwise, denied.

55. Defendants admit using customer contracts. Defendants admit that they provided management services for the e-commerce storefronts of their customers. Otherwise, denied.

56. Defendants admit that they used customer contracts, that they charged fees for their services and that said contracts speak for themselves. Otherwise, denied.

57. Defendants admit that they used customer contracts, that they offered some customers a buy-back opportunity, and that said contracts speak for themselves. Otherwise, denied.

58. Defendants admit that they used customer contracts, that said contracts were updated from time to time, and that said contracts speak for themselves. Defendants deny using a non-disparagement clause as alleged. Otherwise, denied.

### *Ascend Did Not Provide Required Disclosures and Earnings Claims Statements*

59. Denied.

60. Denied.

61. Denied.

62. Admitted that a lawsuit was filed against Ascend. Otherwise, denied.

63. Admitted that a lawsuit was filed against Ascend. Otherwise, denied.

64. Admitted that an arbitration was filed against Ascend, relating to customers and that the claimants and opposing counsel (who represented a competitor of Defendants) in said arbitration provided declarations in support of Plaintiff's requests in this case. Otherwise, denied.

65. Admitted to the extent disclosures were not required. Otherwise, denied.

66. Defendants admit using contracts and that they did not accept credit cards in certain cases. Otherwise, denied.

67. Defendants admit purchasing inventory and that in some cases clients paid for inventory for their respective stores. Otherwise, denied.

68. Defendants admit it could take time for a store to launch and become profitable, as clearly communicated to customers. Otherwise, denied.

69. Denied.

70. Defendants admit there have been some store suspensions and a few terminations, as disclosed to customers. Defendants deny that they did little or nothing to successfully appeal the suspensions or terminations. Otherwise, denied.

71. Denied.

72. Denied.

73. Denied.

74. Defendants lack information, therefore denied.

75. Defendants lack information, therefore denied.

76. Defendants admit some customers did not pay amounts owed and that some efforts to obtain payments were handled by a third party. Otherwise, denied.

*Earnings Claims for the Ascend Business Opportunity Were False or Unsubstantiated*

77. Defendants admit lawful advertising for their offer to assist customers with their online ecommerce businesses. Otherwise, denied.

78. Defendants admit customers had different results. Otherwise, denied.

*Customer Complaints*

79. Defendants admit to receiving and responding to some customer complaints. Otherwise, denied.

80. Defendants admit using services of Jonathan Herpy and to providing customers options in the event of a suspension or termination. Otherwise, denied.

81. Defendants admit using services of Jonathan Herpy. Otherwise, denied.

82. Denied.

83. Defendants admit offering some customers a buy-back opportunity. Otherwise, denied.

84. Defendants admit offering some customers a buy-back opportunity before. Otherwise, denied.

85. Denied.

86. Defendants admit they used different contracts in the past, which documents speak for themselves and were updated. Otherwise, denied.

87. Defendants lack information, therefore denied.

88. Defendants admit that some customers have sued or filed arbitration.

89. Denied.

90. Denied.

91. Denied.

*Dissipation of Ascend Assets*

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

**VIOLATIONS OF THE FTC ACT**

97. The allegations are prefatory and conclusory, and no response is required. To the extent a response is required, denied.

98. The allegations are prefatory and conclusory, and no response is required. To the extent a response is required, denied.

99. The allegations are prefatory and conclusory, and no response is required. To the extent a response is required, denied.

100. The allegations are prefatory and conclusory, and no response is

required. To the extent a response is required, denied.

## COUNT ONE

### False or Unsubstantiated Earnings Claims

101. Denied.

102. Denied.

103. Denied.

## COUNT TWO

### Deceptive Claims of "Risk Free" Offer with Buyback Guarantee

104. Denied.

105. Denied.

106. Denied.

## COUNT THREE

### Unfairness

107. Denied.

108. Denied.

109. Denied.

## VIOLATIONS OF THE BUSINESS OPPORTUNITY RULE

110. The allegations are prefatory and conclusory, and no response is required. To the extent a response is required, denied.

111. Denied.

112. The allegations are prefatory and conclusory, and no response is required. To the extent a response is required, denied.

113. Denied.

114. The allegations are prefatory and conclusory, and no response is required. To the extent a response is required, denied.

115. Denied.

116. The allegations are prefatory and conclusory, and no response is required. To the extent a response is required, denied.

117. The allegations are prefatory and conclusory, and no response is required. To the extent a response is required, denied.

118. The allegations are prefatory and conclusory, and no response is required. To the extent a response is required, denied.

## COUNT FOUR

### Misrepresentations Regarding Income or Profits

119. Denied.

120. Denied.

## COUNT FIVE

### Disclosure Document Violations

121. Denied.

122. Denied.

## COUNT SIX

### Earnings Claims to Prospective Purchasers Violations

123. Denied.

124. Denied.

## COUNT SEVEN

### General Media Earnings Claims Violations

125. Denied.

126. Denied.

## COUNT EIGHT

### Industry Financial, Earnings, or Performance Information Violations.

127. Denied.

128. Denied.

## VIOLATIONS OF THE CONSUMER REVIEW FAIRNESS ACT

129. The allegations are prefatory and conclusory, and no response is required. To the extent a response is required, denied.

130. The allegations are prefatory and conclusory, and no response is required. To the extent a response is required, denied.

131. The allegations are prefatory and conclusory, and no response is required. To the extent a response is required, denied.

132. The allegations are prefatory and conclusory, and no response is required. To the extent a response is required, denied.

133. The allegations are prefatory and conclusory, and no response is required. To the extent a response is required, denied.

134. Denied.

## COUNT NINE

## Violations of the CRFA

135. Denied.

136. Denied.

## CONSUMER INJURY

Denied.

## PRAYER FOR RELIEF

Defendants deny Plaintiff's Prayer for Relief.

Without admitting any allegations, Defendants assert the following affirmative defenses and reserve the right to add additional affirmative defenses. Each affirmative defense is asserted as to all causes of action unless expressly stated otherwise. By asserting these defenses, Defendants do not assume the burden of proving any fact or issue where the burden belongs to Plaintiff. Moreover, nothing shall be construed as an acknowledgment that any fact or issue is relevant.

## FIRST AFFIRMATIVE DEFENSE

## Failure to State a Claim

The Complaint fails to state a claim for which relief can be granted.

//

## SECOND AFFIRMATIVE DEFENSE

### Lack of Subject Matter Jurisdiction

Plaintiff lacks authority to bring this case, including to obtain the Temporary Restraining Order and Asset Freeze as outlined in the Order citing Section 13(b). There is insufficient basis to believe that misconduct is occurring or likely to reoccur.

## THIRD AFFIRMATIVE DEFENSE

### Lack of Personal Jurisdiction

The Complaint fails to allege sufficient facts supporting personal jurisdiction, and the Court lacks personal jurisdiction over certain Defendants, including Jeremy Leung.

## FOURTH AFFIRMATIVE DEFENSE

### Limited Damages/Consumer Redress

Monetary relief does not accurately reflect actual consumer harm and is significantly offset by instances where consumers directly benefited from the alleged conduct; any redress should be limited to cases of any violations, which are disputed; and any monetary relief should be limited where consumers have settled civil cases.

## FIFTH AFFIRMATIVE DEFENSE

### No Ongoing Conduct to Enjoin

There is no ongoing conduct warranting injunctive or other permanent equitable relief. The Receiver has not continued business operations.

## SIXTH AFFIRMATIVE DEFENSE

### Third-Party Conduct/No Agency

Plaintiff's claims are barred because any injury or harm was caused by the acts or omissions of a third party over which Defendants had no authority or control; Defendants did not provide substantial assistance to, nor consciously avoid knowing about, these third parties. Any damages should be limited where conduct after the Complaint was not due to Defendants, such as failure to ship inventory or pay staff.

//

## SEVENTH AFFIRMATIVE DEFENSE

### Consumer Consent

Plaintiff's claims are barred because consumers provided requisite consent for the alleged conduct, such as customer decisions for their respective stores.

## EIGHTH AFFIRMATIVE DEFENSE

### Intervening Cause

Plaintiff's claims are barred by one or more unforeseeable, intervening, superseding, and independent cause, including as any consumer injury or harm, which is disputed, was caused by consumer reliance on third-party statements, not on Defendants' acts or omissions, including after the Complaint was filed in this case.

## NINTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

The acts or practices do not cause, and are not likely to cause, substantial injury to consumers that is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers. Further, the claims are limited to the extent that Plaintiff knew about the conduct at issue for a significant time period and failed to communicate any concerns with Defendants' business, including after Defendants responded to Plaintiff's prior subpoena through legal counsel.

## TENTH AFFIRMATIVE DEFENSE

### Waiver/Estoppel

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel, including as consumers invited and consented to the alleged conduct or waived certain claims, including by settling cases with releases for Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### Unconstitutionally Vague

The Complaint purports to hold Defendant liable for violations of legal requirements and statutes that are unconstitutionally vague.

//

## TWELFTH AFFIRMATIVE DEFENSE

### No Business Opportunity

The Complaint is barred to the extent there was no business opportunity offer, including as Defendants had been simply providing consulting services.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants intend to rely on any additional affirmative defenses that become available or apparent during discovery and reserves the right to amend this Answer to assert such defenses.

## DEFENDANT'S PRAYER FOR RELIEF

Defendants respectfully request the following relief:

1. Dismissal of Complaint with prejudice in its entirety;
2. Plaintiff takes nothing, and that judgment be entered in favor of Defendants; and
3. Any other and further relief to which Defendants are entitled.

DATED: October 22, 2024           /s/ Virginia Sanders
                                  Virginia Sanderson
                                  Attorneys for Defendants