Jody Goodman (DC Bar No. 404879)
(202) 326-3096; jgoodman1@ftc.gov
Elsie Kappler (MA Bar No. 562265)
(202) 326-2466; ekappler@ftc.gov
Federal Trade Commission
600 Pennsylvania Ave., NW, CC-8528
Washington, DC 20580

Local Counsel
Jeffrey Tang (CA Bar No. 308007)
(310) 824-4303/jtang@ftc.gov
10990 Wilshire Boulevard, Suite 400
Los Angeles, California 90024

Attorneys for Plaintiff
Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Federal Trade Commission**, Plaintiff, v. **Ascend Capventures Inc., et al.,** Defendants. | No. 2:24-CV-07660-SPG-JPR **Joint Brief Filed Pursuant to Scheduling Notice (ECF No. 66)** |

Plaintiff Federal Trade Commission ("FTC") and Defendants, Ascend Capventures Inc., Ascend Ecommerce Inc., Ascend Administration Inc., Ascend Ecom LLC, Ascend Distribution LLC, William Michael Basta, and Jeremy Kenneth Leung (the "Parties") hereby file this Joint Brief in compliance with the Court's Scheduling Notice issued on October 22, 2024 (ECF No. 66). In the scheduling notice, the Court directed the Parties to: (1) address whether the asset freeze identified in the Stipulation for Preliminary Injunction (ECF No. 62) is proposed pursuant to Section 19 of the FTC Act; and (2) "propose the length of time the stipulated preliminary injunction shall remain in effect." The Parties' responses are below. The Parties agree in substance to the answers to the Court's

1

questions, but disagree as to some underlying issues. They have therefore presented their responses separately.

**(1) The asset freeze in the Stipulation is proposed pursuant to Section 19 of the FTC Act.**

*Plaintiff's Position*

As the Court recognizes, asset freezes premised solely on Section 13(b) liability are generally not available in FTC enforcement actions following *AMG Capital Management v. FTC*, 593 U.S. 67 (2021). This action, however, is brought under both Sections 13(b) and 19 of the FTC Act. Section 19 authorizes relief that includes "rescission or reformation of contracts, the refund of money or return of property, [and] the payment of damages," 15 U.S.C. § 57b(b), for violations of FTC trade regulation rules—here, the Business Opportunity Rule, 16 C.F.R. Part 437, as amended, and the Consumer Review Fairness Act ("CRFA"), 15 U.S.C. § 45b.[1]

The Stipulation for Preliminary Injunction (ECF No. 62) refers to the Court having granted a "TRO, including an asset freeze," but does not expressly articulate that the Court's authority to impose the asset freeze is derived from the FTC's Section 19 allegations. The Proposed Stipulated Preliminary Injunction, however, states that the FTC filed its Complaint "pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b (Docket No. 1)." (ECF No. 62-1). The Proposed Preliminary Injunction also states:

> The FTC alleges that there is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions

---

[1] *See* Plaintiff's Memorandum of Law in Support of Its Ex Parte Application for (1) Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue, and (2) Order Waiving Notice Requirement (ECF No. 44-1) at 12 and n. 89, 90, citing post-*AMG* cases in which injunctive relief was granted based on Section 19 claims.

2

>Concerning Business Opportunities" ("Business Opportunity Rule" or "Rule"), 16 C.F.R. Part 437, as amended; and the Consumer Review Fairness Act ("CRFA"), 15 U.S.C. § 45b, and that Plaintiff is therefore likely to prevail on the merits of this action.

*Id*. at 3, ¶ D. The allegations that defendants have engaged in acts or practices that violate the Business Opportunity Rule and the CRFA bring the proposed order within the purview of Section 19. The Proposed Preliminary Injunction further provides:

>This Court has authority to issue this Order pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. § 53(b) and 57b; Fed. R. Civ. P. 65; and the All Writs Act, 28 U.S.C. § 1651.

*Id*. at 4, ¶ I.[2]

### ***Defendants' Position***

Defendants have stipulated to the Proposed Preliminary Injunction, but dispute that the FTC's claims for relief—including those underlying the Temporary Restraining Order ("TRO") and Proposed Preliminary Injunction—are adequately based on Section 19. Further, to address the Court's question, the Proposed Preliminary Injunction is indeed based on Section 19.

However, Defendants do not concede any greater issues involving Section 19, above and beyond the current stipulation. Defendants are significantly handicapped in defending this case, due to the asset freeze imposed by the TRO, and the best way forward for the Defendants is to stipulate to the Proposed Preliminary Injunction and move this case forward expeditiously.

Defendants reserve their right to argue later in the case that Section 19 cannot be used by the FTC to justify the full amount of their damages. In

---

[2] In their position statement below, Defendants seem to confuse the different forms of relief available under Section 19, referring to both "damages" and "redress," which are different remedies. Plaintiff seeks consumer redress (*i.e.* "the refund of money" referenced in Section 19), not damages.

3

particular, the heart of the FTC's case is based on allegations of consumer deception and that Defendants "bilked" $25 million from customers (*see* ECF No. 2 at ¶¶2-5; ECF No. 6 at 1:6.) In fact, the FTC's damages arguments are not tailored to the potential "redress" under Section 19, which is separate from and less than gross revenues (as Defendants did not "pocket" money that went to employees, marketing and other services, and inventory for customers). Further, although the FTC has tacked on claims for violations of Section 19 (for violation of the Business Opportunity Rule ("BOR") and Consumer Review Fairness Act), those claims are weak and based on an unsupported expansive reading of the BOR and claimed facts that do not exist (as outlined in ECF Nos. 61 & 61-1.)

Therefore, while Defendants have agreed and stipulated with the FTC that the Proposed Preliminary Injunction is based on Section 19, Defendants reserve all Section 19 arguments that may be made later in the case.

**(2) The Preliminary Injunction should be entered without an expiration date.**

*Plaintiff's Position*

In their Stipulation, the Parties stated: "Prior to the hearing, the FTC and Defendants agreed to the entry of a preliminary injunction for the duration of this litigation, the terms of which are set out in the attached proposed stipulated preliminary injunction." (ECF No. 62). The Stipulation therefore contemplates that the preliminary injunction will not have an expiration date.

It is customary for a preliminary injunction to remain in effect until a case is resolved. *See* 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §2947 (3d ed. 2024) ("[A] preliminary injunction normally lasts until the completion of the trial on the merits, unless it is dissolved earlier by court order or the consent of the parties"). This is because "[t]he purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the

4

merits can be held." *University of Texas v. Camenish*, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834 (1981) (quoted in *Fundicao Tupy S.A. v. United States*, 841 F.2d 1101, 1103 (Fed. Cir. 1988) ("preliminary injunction is usually not subject to a time limitation")); *see also Johnson v. Macy*, 145 F.Supp.3d 907, 913 (C.D. Cal. 2015) ("purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment on the merits can be rendered"), citing *U.S. Phillips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010) (reviewing cases on purpose of preliminary injunctions). The Parties agree that in this matter, the preliminary injunction should therefore not contain an expiration date.

### ***Defendants' Position***

Defendants have agreed and stipulated that the Proposed Preliminary Injunction last for the entire case, and Defendants hereby reiterate that agreement. Given the unique position of Defendants, who have had their assets frozen without prior notice under the TRO—despite having legitimate defenses and defense evidence—and due to the draconian nature of the Proposed Preliminary Injunction (e.g., asset freeze, receivership requirements, financial reporting etc.), Defendants reserve their right to petition the Court in the future to modify the Proposed Preliminary Injunction if necessary.

### **SIGNATURE CERTIFICATION**

In accordance with Civil Local Rule 5-4.3.4(a)(2)(i), the filer hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

|    |                          |                                                      |
|----|--------------------------|------------------------------------------------------|
| 1  |                          | Respectfully submitted,                              |
| 2  | Dated: October 30, 2024  |                                                      |
| 3  |                          | /s/ Jody Goodman                                     |
|    |                          | Jody Goodman                                         |
| 4  |                          | Elsie B. Kappler                                     |
| 5  |                          | Federal Trade Commission                             |
|    |                          | 600 Pennsylvania Ave., NW, CC-8533                   |
| 6  |                          | Washington, DC 20580                                 |
| 7  |                          | (202) 326-3096 / jgoodman1@ftc.gov                   |
|    |                          | (202) 326-2466 / ekappler@ftc.gov                    |
| 8  |                          | (202) 326-3395 (fax)                                 |

Jeffrey Tang (CA Bar No. 308007)
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, California 90024
(310) 824-4303/jtang@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission


/s/ Karl S. Kronenberger
Karl S. Kronenberger
karl@kr.law
Ginny Sanderson
ginny@kr.law
Liana Chen
liana@kr.law
Jeffrey Rosenfeld
jeff@kr.law
Kronenberger Rosenfeld LLP
548 Market Street, #85399
San Francisco, CA 94104-5401
(415) 955-1155 (phone)
(415) 955-1158 (fax)

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2024, I electronically filed the foregoing Joint Brief Filed Pursuant to Scheduling Notice (ECF No. 66) with the Clerk of the Court using CM/ECF, which will cause a copy of the same to be served on the following parties entitled to service:

Karl Kronenberger
Ginny Sanderson
Liana Chen
Jeffrey Rosenfeld
Kronenberger Rosenfeld LLP
150 Post Street, Suite 520
San Francisco, CA 94108
(415) 955-1155 x 114
karl@krlaw.com
*Counsel for Defendants*

Joshua A. del Castillo
Allen Mackins Leck Gamble Mallory & Natsis LLP
865 South Figueroa St., Suite 2800
Los Angeles, CA 90017
(213) 622-5555
jdelcastillo@allenmatkins.com
*Counsel for the Receiver*

/s/ Jody Goodman
Jody Goodman