1 | JOSHUA A. DEL CASTILLO (BAR NO. 239015)
   | MATTHEW D. PHAM (BAR NO. 287704)
2 | ALPHAMORLAI L. KEBEH (BAR NO. 336798)
   | ALLEN MATKINS LECK GAMBLE
3 |   MALLORY & NATSIS LLP
   | 865 South Figueroa Street, Suite 2800
4 | Los Angeles, California 90017-2543
   | Phone: (213) 622-5555
5 | Fax: (213) 620-8816
   | E-Mail: jdelcastillo@allenmatkins.com
6 |       mpham@allenmatkins.com
   |       mkebeh@allenmatkins.com
7 |
   | Attorneys for Receiver
8 | STEPHEN J. DONELL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| FEDERAL TRADE COMMISSION, | Case No. 2:24-CV-07660-SPG-JPR |
|---|---|
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FIRST INTERIM APPLICATION FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES OF RECEIVER, STEPHEN J. DONELL, AND HIS PROFESSIONALS** |
| v. | |
| ASCEND CAPVENTURES INC., et al., | |
| Defendants. | |
| | Date: December 18, 2024 |
| | Time: 1:30 p.m. |
| | Ctrm: 5C |
| | Judge Hon. Sherilyn Peace Garnett |

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

Stephen J. Donell (the "Receiver"), the Court-appointed receiver in the above-captioned action, along with his general receivership counsel, Allen Matkins Leck Gamble Mallory & Natsis LLP ("Allen Matkins"), his forensic accounting firm, SL Biggs, and local counsel Ross, Smith & Binford, PC ("RSB") and Markowitz Ringel Trusty & Hartog, P.A. ("MRTH", and together with Allen Matkins, SL Biggs, and RSB, the "Professionals"), hereby jointly submit this memorandum of points and authorities in support of their concurrently and jointly submitted *First Interim Application for the Payment of fees and Reimbursement of Expenses* (the "Fee Application").

In addition to this memorandum and the exhibits appended to the Fee Application, the Fee Application is supported by the concurrently filed declaration of Stephen J. Donell (the "Donell Decl.").

## I.    PRELIMINARY STATEMENT

The Fee Application is the first interim fee application submitted in the above-captioned action and covers the fees and expenses incurred by the Receiver and his Professionals (collectively, the "Applicants") during the period from September 13, 2024 through October 31, 2024 (the "Application Period").

By way of the Fee Application, the Applicants request not only the Court's approval of their fees and expenses incurred during the Application Period but also the interim payment of such fees and expenses, to be paid from the funds of the receivership estate established in this action (the "Receivership Estate" or "Estate") at such time that the Estate holds sufficient funds to make such a payment.

/ / /

/ / /

/ / /

The amounts of the Applicants' fees and expenses sought to be approved and paid under the Fee Application are as follows:

| Applicant | Fees | Expenses | Total |
|---|---|---|---|
| Receiver | $69,897.15 | $2,982.85 | $72,880.00 |
| Allen Matkins | $145,013.85 | $7,587.29 | $152,601.14 |
| SL Biggs | $70,337.00 | $0.00 | $70,337.00 |
| RSB | $20,317.50 | $810.47 | $21,127.97 |
| MRTH | $3,000.00 | $0.00 | $3,000.00 |
| | **$308,565.50** | **$11,380.61** | **$319,946.11** |

The Fee Application sets forth the services rendered by the Applicants during the Application Period, which serve as the bases for the payments requested therein, are more particularly detailed in the Applicants' invoices attached as **Exhibits 1** through **5** to the Fee Application.  These invoices contain the billing entries that describe the specific tasks performed by the Receiver (and his staff) and his Professionals during the Application Period.

As discussed below, the Receiver believes in his reasonable business judgment that the fees and expenses incurred by the Applicants during the Application Period in connection with the Receiver's pursuit of his duties under the Initial Appointment Order (as the term is defined herein) are reasonable, appropriate, and have benefited the Estate.  Applicants accordingly respectfully request that the Court approve and authorize the payment of the fees and expenses sought under the Fee Application.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

A full recitation of the procedural history of the above-captioned action is unnecessary for the purposes of the Fee Application.  That said, the facts relevant to the Fee Application are as follows:

On September 9, 2024, plaintiff the Federal Trade Commission (the "FTC") filed a complaint against numerous entity and individual defendants, commencing

1  the above-captioned civil action.  *See* ECF No. 1.  The FTC's complaint alleged that

2  the defendants engaged in a fraudulent scheme to lure consumers into investing

3  large sums in purported e-commerce business opportunities, using false promises of

4  substantial passive income from online stores administered by the defendants.  *See*

5  *id.*  On the basis of their allegations, the FTC petitioned this Court for injunctive

6  relief, and for the appointment of a receiver to assume authority and control over the

7  entity defendants.  *See* ECF Nos. 4, 5.

8       On September 13, 2024, the Court entered the *Order on Plaintiff's Ex Parte*

9  *Application For (1) Temporary Restraining Order and Order to Show Cause Why a*

10  *Preliminary Injunction Should Not Issue; (2) Waiver of Notice Requirement;*

11  *(3) Appointment of a Temporary Receiver, Freezing of Assets; and other Equitable*

12  *Relief* (the "Initial Appointment Order").  *See* ECF No. 30.  Pursuant to the terms of

13  the Initial Appointment Order, and among other things, the Receiver was:

14  (1) vested with authority and control over the Receivership Entities (as that term is

15  defined in the Initial Appointment Order); (2) directed to marshal and collect

16  available assets of the Receivership Entities; (3) charged with undertaking an

17  analysis of the business and financial activities of the entities and producing an

18  accounting; and (4) authorized to designate non-parties as additional Receivership

19  Entities, subject to a notice process.  *See id.*  The Receiver's authority under the

20  Initial Appointment Order was extended by subsequent orders of this Court;[1] most

21  recently, the Receiver's authority was extended until the date of entry of a

22  preliminary injunction or November 20, 2024, whichever is earliest.  *See* ECF

23  No. 75.

24       As reflected in the Fee Application, the Receiver has diligently performed his

25  duties as established in the Initial Appointment Order, including to protect and

26  preserve the value of the Receivership Entities and their assets.  Having supported

27

28

[1]  *See* ECF Nos. 42, 55, 70.

and facilitated the Receiver's efforts, the Applicants now request that the Court
approve their respective fees and expenses incurred during the Application Period
and authorize the payment of such fees and reimbursement of such expenses from
the funds of the Receivership Estate, as detailed herein and in the Fee Application.
If, at the time this Application is approved, the Estate does not hold sufficient funds
to fully satisfy these amounts, the Applicants further request that the Court authorize
the immediate, *pro rata* payment of their approved fees and expenses up to the
amount then held by the Receiver, with any outstanding amounts to be paid as
additional funds are recovered.

III.    **ARGUMENT**

    A.    **Receivership Fees and Expenses.**

      "As a general rule, the expenses and fees of a receivership are a charge upon
the property administered."  *Gaskill v. Gordon*, 27 F.3d 248, 251 (7th Cir. 1994);
*accord Atl. Tr. Co. v. Chapman*, 208 U.S. 360, 374 (1908).  The fees and expenses
of a receivership include the fees and expenses reasonably incurred by the receiver
in administering his or her duties, as well as the fees and expenses reasonably
incurred by the receiver's professionals in rendering services to the receiver.  *See
Drilling & Expl. Corp. v. Webster*, 69 F.2d 416, 418 (9th Cir. 1934).  Decisions
regarding the amount and timing of an award of receivership fees and expenses are
committed to the sound discretion of the district court.  *See SEC v. Elliott*, 953 F.2d
1560, 1577 (11th Cir. 1992).  Furthermore, "the district court has "broad powers and
wide discretion in crafting relief," including in "distributing receivership assets."
*Quilling v. Trade Partners, Inc.*, 572 F.3d 293, 301 (6th Cir. 2009).

      Here, the Fee Application's request for approval and payment of the fees and
expenses incurred by the Receiver and his Professionals is a reasonable and
appropriate request made to the Court, and for the reasons discussed below, the
Court should exercise that discretion and approve and authorize the interim payment
of those fees and expenses from the funds of the Receivership Estate.

1    **B.    The Requested Fees And Expenses Are Reasonable.**

2    The fees of a receiver and his professionals must be reasonable.  *See San*

3    *Vicente Med. Partners, Ltd. v. Orr (In re San Vicente Med. Partners, Ltd.)*, 962 F.2d

4    1402, 1409 (9th Cir. 1992).  In determining the reasonableness of the fees and

5    expenses requested in connection with a receivership, a court should consider the

6    time records presented, the quality of the work performed, the complexity of the

7    problems faced, and the benefit of the services rendered to the receivership estate.

8    *See SEC v. Fifth Ave. Coach Lines, Inc.*, 364 F. Supp. 1220, 1222 (S.D.N.Y. 1973).

9    In a practical sense, once it has determined that an applicant's services were

10   reasonable, the court simply multiplies the number of hours expended by the

11   applicant's hourly rate.  *Cf. Sw. Media, Inc. v. Rau*, 708 F.2d 419, 427 (9th Cir.

12   1983) (Bankruptcy Act case), *superseded in part by statute*, Bankruptcy Reform Act

13   of 1978, Pub. L. No. 95-598, 92 Stat. 2549, *as recognized in U.S. Tr. v. Tamm (In re*

14   *Hokulani Square, Inc.)*, 460 B.R. 763 (B.A.P. 9th Cir. 2011).

15   Here, the Fee Application describes the nature of the services that have been

16   rendered by the Applicants and, where appropriate, the identity and billing rate of

17   the individual performing each specific task.  The Applicants have endeavored to

18   staff matters as efficiently as possible in light of the level of experience required and

19   the complexity of the issues presented.  In general, the Fee Application reflects the

20   Applicants' customary billing rates and the rates charged for comparable services in

21   other matters, less those discounts and other reductions specifically identified in the

22   Fee Application (e.g. across-the-board rate discounts agreed to by the Receiver and

23   Allen Matkins).

24   The Receiver has reviewed the Fee Application and, in his reasonable

25   business judgment, believes the fees and expenses requested by the Applicants to be

26   fair and reasonable and an accurate representation of the work performed.  *See*

27   Donell Decl. ¶ 2.  The Receiver likewise believes that the Receivership Estate has

28   benefited from the services identified in the Fee Application.  *Id.*

**C.      The Fee Application Has Been Submitted To The FTC For Review
And Comment, Without Objection.**

With respect to compensation requests made by a receiver in a federal
enforcement action, courts give great weight to the judgment and experience of the
government agency prosecuting the underlying action.  As one court has noted in a
bankruptcy case in which the Securities and Exchange Commission (the "SEC")
participated, "it is proper to [keep] in mind that the [SEC] is about the only wholly
disinterested party in [this] proceeding and that . . . its experience has made it
thoroughly familiar with the general attitude of the Courts and the amounts of
allowances made in scores of comparable proceedings."  *In re Phila. & Reading
Coal & Iron Co.*, 61 F. Supp. 120, 124 (E.D. Pa. 1945) (Bankruptcy Act case).
Indeed, the government agency's positions are not "mere casual conjectures, but are
recommendations based on closer study than a district judge could ordinarily give to
such matters."  *Finn v. Childs Co.*, 181 F.2d 431, 438 (2d Cir. 1950) (citation
omitted) (internal quotation marks omitted) (Bankruptcy Act case).  And such
"recommendations as to fees of the [government agency] may be the only solution
to the very undesirable subjectivity with variations according to the particular judge
under particular circumstances which has made the fixing of fees seem often to be
upon nothing more than an ipse dixit basis."  *Id.* (citation omitted) (internal
quotation marks omitted).  Thus, the government agency's position on a fee request
should be "given great weight."  *Fifth Ave. Coach Lines*, 364 F. Supp. at 1222.

Here, in order to ensure that the fees and expenses requested in the Fee
Application are reasonable and appropriate, the Applicants submitted a draft of the
Fee Application, along with their invoices, to the FTC for review prior to filing.
The FTC has confirmed that it does not oppose the Fee Application.  The FTC is
likely in the best position to measure the fees and expenses requested in the instant
receivership against those incurred in other, similar proceedings and cases of similar
complexity, *see Phila. & Reading Coal & Iron Co.*, 61 F. Supp. at 124, and any

decision on its part not to object to the Fee Application merits significant deference. Accordingly, the Applicants respectfully request that the Court approve the fees and expenses as sought in the Fee Application.

**D.    The Receiver Should Be Authorized To Pay The Approved Fees And Expenses From Cash On Hand.**

1.    <u>The Receiver may be Holding Sufficient Funds in the Near Future.</u>

As reflected in the Fee Application, the Receiver and his Professionals have requested that the Court authorize an interim payment of their total requested fees and expenses as follows: Receiver – $72,880.00; Allen Matkins – $152,601.14; SL Biggs – $70,337.00; RSB – $21,127.97; and MRTH – $3,000.00.  If the Fee Application were granted in its entirety, the aggregate amount of the fees and expenses to be paid to the Applicants would be $319,946.11.

As of the end of the Application Period, the Receiver had recovered funds totaling approximately $275,451.74, slightly less than the aggregate amount requested in the Fee Application.  Donell Decl. ¶ 3.  That said, the Receiver has also successfully frozen approximately $300,000 in proceeds from a real property sale completed by defendants Basta and Leung after the entry of the Initial Appointment Order.  *Id.*  The Receiver believes these proceeds are subject to turnover to him in accordance with the provisions of the Initial Appointment Order.  *Id.*  The Receiver's ability to recover these funds is subject to Court approval, as detailed further in the Receiver's *First Interim Report and Petition for Instructions*, to be filed contemporaneously with the Fee Application.  Given that the Receiver may soon hold funds well in excess of the aggregate amount of the compensation sought in the Fee Application, he submits that it is appropriate for the Court to authorize the interim payment of such compensation at this time, and to authorize him to make payments on a *pro rata* basis from funds on-hand, with any remaining funds owed to be paid as additional funds are recovered.

### 2. An Interim Payment is Appropriate.

Where, as here, the fees requested are reasonable and "both the magnitude and the protracted nature of a case impose economic hardships on professionals rendering services to the estate," an interim award of fees is appropriate. *CFPB v. Pension Funding, LLC*, Case No. SACV 15-1329-JLS (JCGx), 2016 U.S. Dist. LEXIS 187607, at *4 (C.D. Cal. July 7, 2016). Indeed, interim payments are necessary "to relieve counsel and others from the burden of financing lengthy and complex . . . proceedings." *In re Rose Way, Inc.*, Case No. 89-1273-C H, 1990 Bankr. LEXIS 3028, at *9 (Bankr. S.D. Iowa Mar. 1, 1990) (citing *In re Mansfield Tire & Rubber Co.*, 19 B.R. 125 (Bankr. N.D. Ohio 1981)) (bankruptcy case). Thus, an interim payment of the Applicants' requested fees and expenses is appropriate.

## IV. CONCLUSION

For the foregoing reasons, the Applicants respectfully request that the Court grant the Fee Application, approve the fees and expenses incurred by the Applicants during the Application Period, and authorize the payment, on an interim basis, of such approved fees and expenses from the funds of the Receivership Estate. If, at the time this Application is approved, the Estate does not hold sufficient funds to fully satisfy these amounts, the Applicants further request that the Court authorize the immediate, *pro rata* payment, on an interim basis, of such approved fees and expenses, with any outstanding amounts to be paid as additional funds are recovered by the Receiver.

Dated: November 13, 2024

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
JOSHUA A. DEL CASTILLO
MATTHEW D. PHAM
ALPHAMORLAI L. KEBEH

By:    /s/    *Joshua A. del Castillo*
JOSHUA A. DEL CASTILLO
Attorneys for Receiver
STEPHEN J. DONELL