JOSHUA A. DEL CASTILLO (BAR NO. 239015)
E-Mail: jdelcastillo@allenmatkins.com
MATTHEW D. PHAM (BAR NO. 287704)
E-Mail: mpham@allenmatkins.com
ALPHAMORLAI L. KEBEH (BAR NO. 336798)
E-Mail: mkebeh@allenmatkins.com
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816

Attorneys for Receiver
STEPHEN J. DONELL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ASCEND CAPVENTURES INC., et al.,<br><br>Defendants. | Case No. 2:24-CV-07660-SPG-JPR<br><br>**SUPPLEMENT TO FIRST INTERIM REPORT AND PETITION FOR INSTRUCTIONS OF RECEIVER, STEPHEN J. DONELL**<br><br>Date:  December 18, 2024<br>Time:  1:30 p.m.<br>Ctrm:  5C<br>Judge Hon. Sherilyn Peace Garnett |

**TO THIS HONORABLE COURT AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE THAT** the Receiver[1] hereby submits this *Supplement to First Interim Report and Petition for Instructions* in order to address, in a brief supplemental fashion, the potential importance of the parties' pending *Stipulated Preliminary Injunction*[2] (ECF No. 62-1) to the administration of the

---

[1] Unless otherwise defined herein, all capitalized terms used in this Supplement shall have the same meaning as in the Receiver's recently filed *First Interim Report and Petition for Instructions* (the "Report") [ECF No. 77-1].

[2] As a non-party, the Receiver takes no position regarding the adequacy of the Stipulated Preliminary Injunction agreed upon by the litigants, other than, as reflected herein, to express his professional opinion that the entry of the preliminary injunction could be administratively beneficial for the receivership.

Estate, including with respect to the Receiver's forensic accounting and Asset recovery efforts.

In the Receiver's experience, a preliminary injunction entered in the context of a receivership proceeding can improve the likelihood of success of the receivership in that it both (1) provides parties and non-parties with a meaningful degree of confidence that the receivership will continue, and will not be subject to an abrupt termination upon the lapse of an initial temporary restraining order – thereby reducing uncertainty regarding the pendency of the receivership; and (2) serves as a clear point of reference regarding the scope of a receiver's authority.

Here, as noted in the Receiver's Report, a number of tasks undertaken by the Receiver during the Reporting Period remain incomplete, including tasks dependent upon additional or supplemental discovery and those associated with the turnover or recovery of Receivership Assets for the benefit of the Estate.

As to the former, and while the Receiver's document recovery and review efforts have been largely successful, certain counterparties to the Receiver's discovery requests have claimed to be uncertain of the Receiver's right to recover some of the requested documents, citing the temporary nature of his appointment. To be sure, the Receiver has successfully overcome the vast majority of such objections, and has continued to obtain and review relevant materials since the submission of his recent Report. Nonetheless, the Receiver believes a preliminary injunction to which he can point in circumstances where the duration of his appointment is raised as a potential objection to a document production would be of substantial assistance, and therefore of substantial benefit to the Estate.[3]

---

[3] The same may be true for non-parties apparently seeking to "run out the clock" on the receivership, including those apparent former employees of the Receivership Entities engaged in improper or misleading consumer solicitations in an effort to obtain payments from consumers notwithstanding the pendency of the receivership.

As to the latter, counterparties to asset turnover demands have inquired as to the anticipated duration of the receivership, citing the temporary nature of the order pursuant to which he was (and remains, as of this filing) appointed. Perhaps the clearest example of this latter issue arises in the context of the approximately $300,000 in real property sales proceeds still held by Granite in connection with the Linden 1 property, the pre-receivership purchase of which the Receiver has confirmed was facilitated by the diversion of consumer funds through entities which he has subsequently identified as Receivership Entities. As noted in the Report, Granite has declined to release those funds to the Receiver pending a further order from the Court. To the extent the preliminary injunction suffices as such, the Receiver would welcome it. Even absent so specific a turnover function, the Receiver believes, in his reasonable business judgment, that a preliminary injunction could facilitate turnover discussions and potential stipulations[4] with defense counsel regarding the funds held at Granite as well as the turnover or recovery of other Assets purchased by defendants Basta and Leung with funds diverted from Entity consumers, which Assets' aggregate value exceeds $1 million, based on the information presently available to the Receiver.

In the Receiver's view, the entry of the parties' stipulated preliminary injunction in the above-entitled matter would provide welcome certainty to a receivership which has, to date, been extended from time to time only by stipulation of the parties (see, e.g., ECF Nos. 46, 67, 79). It would also establish the "ground rules" for the administration of the receivership for the remainder of its pendency,

///
///

---

[4] The Receiver's counsel, Allen Matkins, has successfully used stipulations to expedite the turnover of receivership estate assets in numerous other federal receivership matters.

and could prove administratively beneficial from an investigation and accounting standpoint, as well as facilitating the Receiver's recovery of available Assets.

Dated: November 19, 2024

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
JOSHUA A. DEL CASTILLO
MATTHEW D. PHAM
ALPHAMORLAI L. KEBEH

By: /s/   *Joshua A. del Castillo*
JOSHUA A. DEL CASTILLO
Attorneys for Receiver
STEPHEN J. DONELL