JOSHUA A. DEL CASTILLO (BAR NO. 239015)
E-Mail: jdelcastillo@allenmatkins.com
MATTHEW D. PHAM (BAR NO. 287704)
E-Mail: mpham@allenmatkins.com
ALPHAMORLAI L. KEBEH (BAR NO. 336798)
E-Mail: mkebeh@allenmatkins.com
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax:   (213) 620-8816

Attorneys for Receiver
STEPHEN J. DONELL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 2:24-CV-07660-SPG-JPR |
| Plaintiff, | Judge Hon. Sherilyn Peace Garnett |
| v. | **STIPULATION FOR ORDER: (1) AUTHORIZING TURNOVER OF SALES PROCEEDS BY GRANITE ESCROW AND SETTLEMENT SERVICES; (2) AUTHORIZING RECEIVER TO MANAGE, MARKET, AND SELL RESIDENTIAL REAL PROPERTIES; AND (3) RELEASING DEFENDANTS' CLAIMS TO PROCEEDS HELD OR RECOVERED BY RECEIVER** |
| ASCEND CAPVENTURES INC., et al., | |
| Defendants. | [Proposed Order submitted concurrently herewith] |

## STIPULATION

This stipulation (the "Stipulation") is entered into by and between the following parties, through their respective counsel: (1) Stephen J. Donell (the "Receiver"), the Court-appointed receiver for Ascend Capventures Inc. and its subsidiaries and affiliates, including but not limited to Ascend Ecom LLC ("Ecom"), Eaglemont Capital ("Eaglemont"), and Paradyme Capital, Inc. ("Paradyme")

(collectively with their affiliated entities, the "Receivership Entities"); (2) the plaintiff Federal Trade Commission (the "FTC"); and (3) individual defendants William Basta and Jeremy Leung (collectively, "Defendants"). The Receiver, the FTC, and Defendants are collectively referred to herein as the "Parties". This Stipulation is entered into with reference to the following facts:

**Recitals**

A. On September 9, 2024, the FTC filed its complaint against numerous entity and individual defendants, including Defendants, commencing the above-captioned civil action. (See ECF No. 1.) By *ex parte* application, the FTC also concurrently sought the appointment of a receiver over the entity defendants and their subsidiaries and affiliates. (See ECF Nos. 4-5.)

B. On September 13, this Court entered its *Order on Plaintiff's Ex Parte Application For (1) Temporary Restraining Order and Order To Show Cause Why A Preliminary Injunction Should Not Issue; (2) Waiver Of Notice Requirement; (3) Appointment Of A Temporary Receiver, Freezing Assets; and Other Equitable Relief* (the "Initial Appointment Order", ECF No. 30), pursuant to which the Receiver was appointed as receiver for the Receivership Entities.

C. On December 3, 2024, the Court entered its *Order Granting Stipulation for Court to Enter Preliminary Injunction* (the "Preliminary Injunction", ECF No. 82), which reaffirmed the Receiver's appointment and his duties and powers.

D. Among other things, the Initial Appointment Order and the Preliminary Injunction: (1) vested the Receiver with exclusive authority and control over the assets of the Receivership Entities ("Receivership Assets"); (2) directed parties and non-parties to turn over to the Receiver all Receivership Assets in their possession or control; and (3) authorized the Receiver to designate additional Receivership Entities, subject to challenge of such designations. (See ECF Nos. 30, 82 at §§ XII – XV.)

E. On November 15, 2024, the Receiver filed his *Notice of Designation of Non-Party, Eaglemont Capital, as a Receivership Entity* (ECF No. 58) and *Notice of Designation of Non-Party, Paradyme Capital Inc.* (ECF No. 59), respectively, designating Eaglemont and Paradyme as Receivership Entities. The Receiver's designations of Eaglemont and Paradyme as Receivership Entities were not challenged.

F. As a result of his forensic accounting analysis of the business and financial activities of the Receivership Entities, the Receiver has concluded that Defendants purchased at least three (3) residential real properties (collectively, the "Properties"), including (a) the real property located at and commonly known as 2012 Linden Avenue, Venice, California 90291 [APN 4241-030-028] ("Linden 1"); (b) the real property located at and commonly known as 2010 Linden Ave, Venice, California 90291 [APN 4241-030-027] ("Linden 2"); and (c) the real property located at and commonly known as 25 Brooks Ave, Apt. 2, Venice, California 90291 [APN 4286-025-031] ("Brooks"), with funds raised from customers of the Receivership Entities and thereafter diverted through Ecom to Eaglemont and Paradyme, and then to escrow, which funds were utilized for the downpayment and other deposits to purchase each of the Properties. More specifically, the Receiver has determined that:

(i) Defendants purchased Linden 1 in April 2022 for over $1.8 million, consisting of a downpayment and other deposits diverted from the Receivership Entities totaling $448,254.03, along with a mortgage loan in the amount of $1,440,000.00, and took title to Linden 1 in their own names, personally;

(ii) Defendants purchased Linden 2 in April 2022, for a total purchase price of over $2.1 million, taking title in their own names, personally. The purchased was financed with $471,708.72 in funds diverted from the Receivership Entities, along with a mortgage in the amount of $1,680,000.00; and

    (iii) Defendants purchased Brooks in May 2022 for a total purchase price in excess of $2.5 million, taking title in their own names, personally. The purchased was financed with $724,200.00 in funds diverted from the Receivership Entities (including a single deposit into escrow from Ecom in the amount of at least $613,950.00), along with a mortgage in the amount of $1,837,500.00.

  G. As a result of the above accounting conclusion, the Receiver has determined that any equity held in Linden 1, Linden 2, or Brooks, is a Receivership Asset.

  H. On or around September 24, 2024, after the Initial Appointment Order was entered and its attendant asset freeze imposed, Defendants concluded the sale of Linden 1, using Granite Escrow and Settlement Services ("Granite Escrow") as the escrow agent. The Receiver is informed and believes, on the basis of representations made by Granite Escrow to his counsel, that the sale of Linden 1 resulted in at least $300,000 in net proceeds, which proceeds the Receiver contends are Receivership Assets. Granite Escrow has confirmed that it is presently holding the net proceeds resulting from the sale of Linden 1 in accordance with the Court-imposed asset freeze, but has declined to release the proceeds to the Receiver absent a Court order directing it to do so.

  I. Without admitting to any unlawful diversion of Receivership Entity funds, Defendants confirm that they do not dispute or object to the Receiver's characterization of the equity held in Linden 1, Linden 2, and Brooks as a Receivership Asset. Accordingly, Defendants have confirmed to the Receiver the net proceeds resulting from the sale of Linden 1 should be immediately turned over from Granite Escrow to the Receiver. Likewise, Defendants have confirmed that exclusive authority and control over Linden 2 and Brooks should be immediately turned over to the Receiver, who shall be authorized to take possession of and manage these Properties, and to market and sell Linden 2 and Brooks in accordance

with his reasonable business judgment, in order to maximize the value of any equity to be recovered from each of these Properties.

J. Without admitting to any unlawful diversion of Receivership Entity funds, Defendants have further confirmed that they wish to waive and release any claims to any funds held or recovered by the Receiver in connection with any turnover of Linden 1-associated proceeds from Granite Escrow and any net proceeds realized from the Receiver-administered sales of Linden 2 or Brooks.

K. The Parties agree that the sales of Linden 2 and Brooks are in the best interests of the receivership estate, and that the Receiver should be immediately authorized to take possession of, manage, and market these Properties for sale, and consummate the sale of each of these Properties on terms consistent with his reasonable business judgment. Accordingly, the Parties have entered into this Stipulation to permit the Receiver to recover the sales proceeds resulting from the sale of Linden 1, and to take possession of, manage, and market and sell Linden 2 and Brooks, and further to retain all net proceeds resulting therefrom for the benefit of the receivership estate, free and clear of any claims by Defendants, which claims Defendants expressly waive and release.

## **STIPULATION**

Based on the foregoing, and subject to this Court's approval, the Parties hereby stipulate and agree as follows:

1. Granite Escrow shall be directed to immediately turn over to the Receiver all net proceeds resulting from the sale of Linden 1, including any accrued interest thereon;

2. The Receiver shall be authorized to take possession of and manage Linden 2 and Brooks, and to market and sell these Properties in accordance with his sole and exclusive business judgment, and shall further be authorized to incur such administrative and professional fees and expenses as he determines are necessary and appropriate to such efforts, including but not limited to ongoing costs of

insurance, maintenance, utilities, and customary real estate, brokerage, title, and escrow fees.  The Parties agree and acknowledge that this Stipulation reflects a waiver of 28 U.S.C. § 2001, *et seq.* with respect to the marketing and sale of the Properties, as permitted under the law.  *See*, *e.g.*, *Huntington Nat'l Bank v. Najero, Inc.*, 2014 WL 5473054, *1 (E.D. Mich. Oct. 27, 2014) (while "the court cannot waive the requirements of § 2001(b), the requirement can be waived by the parties");

  3. Defendants shall cooperate fully with the Receiver in connection with the Receiver's efforts to manage, market, and sell Linden 2 and Brooks, including by turning over operating records for these Properties including, but not limited to records for utilities, insurance, property tax, and permits.  If required, Defendants shall promptly execute any documents and undertake such other acts as are reasonably necessary to consummate the sale of these Properties;

  4. In the event that Defendants, or either of them, decline to or are unavailable to execute closing and other documents necessary for and associated with the sale of Linden 2 or Brooks, the Receiver shall be authorized to execute all such documents on behalf of Defendants, as sellers;

  5. Upon the closing of the sales of Linden 2 and Brooks, the net proceeds of each sale shall be wired directly from escrow to the Receiver, and the order granting this Stipulation shall reflect this instruction; and

**[REMAINDER OF PAGE INTENTIONALLY BLANK; STIPULATION CONTINUES ON FOLLOWING PAGE]**

6. Defendants expressly waive and release any and all claims to any funds turned over to, held, or recovered by the Receiver in connection with the sale of the Properties, including but not limited to any funds turned over by Granite Escrow and any net proceeds resulting from the Receiver's sale of Linden 2 and Brooks. Defendants further waive any and all claims against Granite Escrow arising from or in connection with any funds turned over to the Receiver by Granite Escrow.

**SO STIPULATED.**

Dated: December 20, 2024

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
JOSHUA A. DEL CASTILLO
MATTHEW D. PHAM
ALPHAMORLAI L. KEBEH

By: /s/ *Joshua A. del Castillo*
JOSHUA A. DEL CASTILLO
Attorneys for Receiver
STEPHEN J. DONELL

Dated: December 20, 2024

FEDERAL TRADE COMMISSION
JODY GOODMAN
ELSIE B. KAPPLER

By: /s/ *Jody Goodman*
JODY GOODMAN
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

Dated: December 20, 2024

KRONENBERGER ROSENFELD LLP
KARL S. KRONENBERGER
GINNY SANDERSON
LIANA CHEN

By: /s/ *Karl S. Kronenberger*
KARL S. KRONENBERGER
Attorneys for Defendants
WILLIAM BASTA and JEREMY LEUNG

# **SIGNATURE CERTIFICATION**

In accordance with Civil Local Rule 5-4.3.4(a)(2)(i), the filer hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: December 20, 2024

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
JOSHUA A. DEL CASTILLO
MATTHEW D. PHAM
ALPHAMORLAI L. KEBEH

By:    */s/    Joshua A. del Castillo*
     JOSHUA A. DEL CASTILLO
     Attorneys for Receiver
     STEPHEN J. DONELL