UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ASCEND CAPVENTURES INC., et al.,<br><br>Defendants. | Case No. 2:24-CV-07660-SPG-JPR<br><br>Judge Hon. Sherilyn Peace Garnett<br><br>**[PROPOSED] ORDER APPROVING STIPULATION FOR ORDER: (1) AUTHORIZING TURNOVER OF SALES PROCEEDS BY GRANITE ESCROW AND SETTLEMENT SERVICES; (2) AUTHORIZING RECEIVER TO MANAGE, MARKET, AND SELL RESIDENTIAL REAL PROPERTIES; AND (3) RELEASING DEFENDANTS' CLAIMS TO PROCEEDS HELD OR RECOVERED BY RECEIVER** |
|---|---|

## ORDER

The *Stipulation for Order: (1) Authorizing Turnover Of Sales Proceeds By Granite Escrow And Settlement Services; (2) Authorizing Receiver To Manage, Market, And Sell Residential Real Properties; And (3) Releasing Defendants' Claims To Proceeds Held Or Recovered By Receiver* (the "Stipulation") entered into, through counsel, by and between (a) Stephen J. Donell (the "Receiver"), the Court-appointed receiver in the above-entitled action; (b) the plaintiff Federal Trade Commission (the "FTC"); and (c) individual defendants William Basta and Jeremy

4903-3565-4664.1

Leung (collectively, "Defendants", and collectively with the Receiver and the FTC, the "Parties"), having been considered by this Court and good cause appearing therefor, this Court ORDERS as follows:

1. The Stipulation is approved, in its entirety;

2. Granite Escrow and Settlement Services (collectively with its agents or affiliates, "Granite Escrow") is directed to immediately turn over to the Receiver all net proceeds resulting from the September 2024 sale of the real property located at and commonly known as 2012 Linden Avenue, Venice, California 90291 [APN 4241-030-028] ("Linden 1"), including any accrued interest thereon;

3. The Receiver shall be authorized to take immediate possession of and manage the real property located at and commonly known as 2010 Linden Ave, Venice, California 90291 [APN 4241-030-027] ("Linden 2"); and (c) the real property located at and commonly known as 25 Brooks Ave, Apt. 2, Venice, California 90291 [APN 4286-025-031] ("Brooks" and, collectively, with Linden 2, the "Properties"), and to market and sell these Properties in accordance with his sole and exclusive business judgment, and shall further be authorized to incur such administrative and professional fees and expenses as he determines are necessary and appropriate to such efforts, including but not limited to ongoing costs of insurance, maintenance, utilities, and customary real estate, brokerage, title, and escrow fees.  The Parties have agreed and acknowledged that the Stipulation reflects a waiver of 28 U.S.C. § 2001, *et seq.* with respect to the marketing and sale of the Properties, as permitted under the law.  *See*, *e.g.*, *Huntington Nat'l Bank v. Najero, Inc.*, 2014 WL 5473054, *1 (E.D. Mich. Oct. 27, 2014) (while "the court cannot waive the requirements of § 2001(b), the requirement can be waived by the parties");

4. Defendants shall cooperate fully with the Receiver in connection with the Receiver's efforts to manage, market, and sell Linden 2 and Brooks, including by turning over operating records for these Properties including, but not limited to

records for utilities, insurance, property tax, and permits. If required, Defendants shall promptly execute any documents and undertake such other acts as are reasonably necessary to consummate the sale of these Properties;

5. In the event that Defendants, or either of them, decline to or are unavailable to execute closing and other documents necessary for and associated with the sale of Linden 2 or Brooks, the Receiver shall be authorized to execute all such documents on behalf of Defendants, as sellers;

6. Upon the closing of the sales of Linden 2 and Brooks, the net proceeds of each sale shall be wired directly from escrow to the Receiver; and

7. Defendants are deemed to have expressly waived and released any and all claims to any funds turned over to, held, or recovered by the Receiver in connection with the sale of the Linden 1, Linden 2, and Brooks, including but not limited to any funds turned over by Granite Escrow and any net proceeds resulting from the Receiver's sale of Linden 2 and Brooks. Defendants are further deemed to have waived any and all claims against Granite Escrow arising from or in connection with any funds turned over to the Receiver by Granite Escrow.

**SO ORDERED.**

Dated: _____    _____
Hon. Sherilyn Peace Garnett
Judge, United States District Court