JOSHUA A. DEL CASTILLO (BAR NO. 239015)
MATTHEW D. PHAM (BAR NO. 287704)
ALPHAMORLAI L. KEBEH (BAR NO. 336798)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: jdelcastillo@allenmatkins.com
        mpham@allenmatkins.com
        mkebeh@allenmatkins.com

Attorneys for Receiver
STEPHEN J. DONELL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ASCEND CAPVENTURES INC., et al.<br><br>Defendants. | Case No. 2:24-CV-07660-SPG-JPR<br><br>**REQUEST FOR STATUS CONFERENCE BY RECEIVER, STEPHEN J. DONELL**<br><br>Date: February 12, 2025<br>Time: 1:30 p.m.<br>Ctrm: 5C<br>Judge Hon. Sherilyn Peace Garnett |

**TO THE HONORABLE SHERILYN PEACE GARNETT, UNITED STATES DISTRICT JUDGE, AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that, by this Request, Stephen J. Donell (the "Receiver"), the Court-appointed receiver in the above-entitled action, petitions this Court to hold a status conference to address outstanding issues critical to the administration of the receivership in this matter.

Specifically, on November 13, 2024, the Receiver filed his *First Interim Report and Petition for Instructions* [ECF No. 77-1] (the "Interim Report") wherein he provided a then-current summary of his efforts since the inception of the

receivership, along with certain preliminary conclusions and recommendation for the administration of the receivership going forward. Among other things, the Receiver reported on his: (1) successful efforts to mitigate ongoing consumer harm as a result of the fraudulent scheme alleged by the plaintiff Federal Trade Commission [the "FTC"]; (2) efforts to recover, review, and analyze records relating to the business and financial activities of the entities in receivership, including the preparation of a forensic accounting; and (3) efforts to identify and recover assets of the receivership entities for the benefit of the receivership estate, including at least $300,000 in net sales proceeds (the "Escrow Proceeds") currently held by Granite Escrow and Settlement Services, and two real properties located in Venice, California (the "Venice Properties"), which the Receiver confirmed were purchased with funds diverted from entity consumers, all of which he maintained were subject to turnover to the Receiver in accordance with the terms of this Court's orders.[1]

On November 13, 2024, the Receiver also filed his, and his professionals' unopposed *First Interim Application for Payment of Fees and Reimbursement of Expenses* [ECF Nos. 78, *et seq.*] (the "Fee Application") requesting Court approval of the fees and expenses incurred by the Receiver and his professionals for the period from September 13, 2024 through October 31, 2024, along with authorization to pay such fees and expenses from the assets of the receivership estate.[2]

On December 20, 2024, the Receiver filed, with the consent of the FTC and defendants William Basta and Jeremy Leung, a *Stipulation for Order:*

---

[1] The Receiver estimates the net aggregate value of the Escrow Proceeds and the Venice Properties to exceed $1 million.

[2] As reflected therein, where "a receiver reasonably and diligently discharges his duties, he is entitled to compensation." *Gaskill v. Gordon*, 27 F.3d 248, 253 (7th Cir. 1994) (quoting *SEC v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992), rev'd in part on other grounds, 998 F.2d 922 (11th Cir. 1993); *see also SEC v. Kirkland*, 2007 WL 470417, at *2 (M.D. Fla. Feb. 13, 2007) (recognizing that "[t]he Receiver is entitled to compensation for work performed consistent with appointment"); *SEC v. Byers*, 590 F.Supp.2d 637, 644 (S.D.N.Y. 2008) ("A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred.")

*(1) Authorizing Turnover of Sales Proceeds by Granite Escrow and Settlement Services; (2) Authorizing Receiver to Manage, Market, and Sell Residential Real Properties; and (3) Releasing Defendants' Claims to Proceeds Held or Recovered by Receiver* [ECF No. 85] (the "<u>Stipulation</u>") pursuant to which the parties agreed that the Escrow Proceeds and the Venice Properties should be turned over to the Receiver as assets of the receivership estate, free and clear of any claims by defendants Basta or Leung.  The Receiver presently believes that the value of the Escrow Proceeds and the Venice Properties, in conjunction with the assets he has already recovered, is sufficient to fund the administration of the receivership through the completion of his presently recommended tasks, as well as to seed a potential restitution fund for victims of the scheme alleged by the FTC.

As of the date of this Request, and while the Court has taken the Interim Report and Fee Application under submission (*see* ECF No. 84), no orders have issued.  Likewise, the Court has not yet entered an order on the pending Stipulation.  In the Receiver's reasonable business judgment, orders approving the Interim Report and granting the Fee Application and Stipulation are critical to the continued and successful administration of the receivership.

The Receiver stands ready to address any questions the Court may have regarding the contents of the Interim Report, Fee Application, and Stipulation – and to provide a summary of relevant developments since the filing of the above-identified pleadings.  To that end, the Receiver respectfully requests that, in the event that the Court indeed has questions relating to the Interim Report, Fee Application, or Stipulation, that the Court set a status conference for February 12, 2025 at 1:30 p.m., or other such alternative date and time as the Court determines appropriate.  The Receiver or his counsel will be happy to address to any of the Court's inquiries.[3]  To the extent the Court does not have any such questions, the

---

[3]  The Receiver recognizes that counsel for the FTC and defendants Basta and Leung are not located in the Los Angeles area.  He has no objection, to the extent

Receiver urges the Court to enter orders on the Interim Report, Fee Application, and Stipulation as soon as practicable to facilitate the continued administration of the receivership.

Dated: January 27, 2025

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
JOSHUA A. DEL CASTILLO
MATTHEW D. PHAM
ALPHAMORLAI L. KEBEH

By:    /s/   *Joshua A. del Castillo*
    JOSHUA A. DEL CASTILLO
    Attorneys for Receiver
    STEPHEN J. DONELL

---

counsel would like to attend the requested status conference, to appearances being made remotely.