## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ASCEND CAPVENTURES INC., also doing business as Ascend Ecom LLC; Ascend Ecomm LLC; ACV; ACV Partners; Accelerated Ecommerce Ventures; Ascend Distribution LLC; Ethix Capital; and ACV Nexus, a Wyoming close corporation profit corporation,<br>ASCEND ECOMMERCE INC., also doing business as Ascend Ecom LLC, a Wyoming close corporation profit corporation,<br>ASCEND ADMINISTRATION INC., a California general stock corporation,<br>ASCEND ECOM LLC, a Wyoming limited liability company,<br>ASCEND DISTRIBUTION LLC, a Texas limited liability company,<br>WILLIAM MICHAEL BASTA, individually and as officer and/or owner of Ascend Ecom LLC, Ascend Capventures Inc., Ascend Ecommerce | Case No. 2:24-cv-07660-SPG-JPR<br><br>**ORDER GRANTING MOTION FOR ORDER ON SUPPLEMENTAL REPORT AND PETITION FOR INSTRUCTIONS OF RECEIVER REGARDING REAL PROPERTIES SUBJECT TO TURNOVER ORDER [ECF NO. 100]; GRANTING, IN PART, EX PARTE APPLICATION AND GRANTING RECEIVER EXCLUSIVE POSSESSORY INTEREST IN REAL PROPERTY LOCATED AT 2010 LINDEN AVENUE, VENICE, CALIFORNIA 90291 [ECF NO. 101]** |

|   |   |
|---|---|
| 1 | Inc., Ascend Administration Inc., Ascend Distribution LLC, and |
| 2 | JEREMY KENNETH LEUNG, |
| 3 | individually and as officer and/or owner of Ascend Ecom LLC, Ascend |
| 4 | Capventures Inc., Ascend Ecommerce Inc., Ascend Administration Inc., and |
| 5 | Ascend Distribution LLC, |
| 6 |   |
| 7 | Defendants. |

This Court is in receipt of the Motion for Order on Supplemental Report and Petition for Instructions of Receiver Regarding Real Properties Subject to Turnover Order (ECF No. 100 ("Motion")); the Ex Parte Application for Order (1) To Show Cause Why Tia Fouroohi and Berlin Lu Should Not Be Held in Contempt for Failure to Comply With This Court's Orders, and (2) Affirming Receiver's Exclusive Control and Authority Over Residential Real Properties (ECF No. 101 ("App.")); and the Supplemental Brief (ECF No. 109 ("Supp. Brief")) filed by Stephen J. Donell (the "Receiver"), the Court-appointed permanent receiver in the above-entitled action.[1] The Court GRANTS the Motion and GRANTS, in part, the Application.[2] The Court ORDERS as follows:

1. Consistent with the terms of the Court's December 3, 2024, Order Granting Stipulation to Enter Preliminary Injunction (ECF No. 82

---

[1] The Court notes that Plaintiff Federal Trade Commission has filed a notice of non-opposition to the Receiver's Supplemental Brief. *See* (ECF No. 110). Additionally, Defendant Leung has filed a declaration in support of the Receiver's Supplemental Brief, stating that he did not permit anyone to reside at the properties subject to this Order. *See* (ECF No. 109-1).

[2] Initially, the Receiver's Application requested, in part, that the Court order to show cause why third parties should not be held in contempt for failure to comply with this Court's Orders. However, the Receiver's Supplemental Brief only asks that the Court issue a possessory order granting him the exclusive possessory interest in the properties subject to this Order; thus, the Court shall grant the request for a possessory order.

("December 2024 Order")), and February 24, 2025, Order Granting Stipulation: (1) Authorizing Turnover of Sales Proceeds by Granite Escrow and Settlement Services; (2) Authorizing Receiver to Manage, Market, and Sell Residential Real Properties; and (3) Releasing Defendants' Claims to Proceeds Held or Recovered by Receiver (ECF No. 92 ("February 2025 Order")), the Receiver is granted exclusive possessory interest in the real property commonly known as and located at 2010 Linden Avenue, Venice, California 90291 and bearing the Assessor's Parcel Number (APN) 4241-030-027 (hereinafter, the "Property");

2. The Receiver's possessory interest shall include, without limitation, the Receiver's authority to access, manage, and sell the Property in accordance with the prior Orders of this Court;

3. No third party, including but not limited to Mr. Berlin Lu and Ms. Chow Chun Lam, may assert any possessory or controlling interest in the Property without prior, written authorization of this Court; and

//
//
//
//
//
//
//
//
//
//
//
//

4. This order may be relied upon by all law enforcement services and shall serve as a writ of execution, assistance, or possession directing law enforcement, including but not limited to the Los Angeles County Sheriff, the United States Marshal, and any other law enforcement officer to take possession of the Property and restore the same to the Receiver.[3]

**IT IS SO ORDERED.**

DATED: August 11, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to the Duties and Authority of Receiver section in the December 2024 Order, the Receiver has the authority to take exclusive custody, control, and possession of all Assets of the Receivership Entities. (December 2024 Order at 17). Moreover, "[l]aw enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security. If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so." (*Id.* at 18–19).